CAROL ANN WHITMARSH *vs.* WILLIAM J. McGAIR.

MAY 22, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an appeal to the superior court from a decree of the probate court of the city of Cranston allowing a guardian's account. On the appellee's motion a justice of the superior court dismissed the appeal on the ground that the appellant was not an aggrieved person under general laws 1938, chapter 573, §1. She excepted to such decision and has brought the case here by her bill of exceptions containing only that exception.

The appellant is the infant granddaughter and sole expectant heir of appellee's ward, Mabel L. Whitmarsh. She brought the instant appeal by her mother and next friend, Phyllis Whitmarsh, at whose request, however, a guardian *ad litem* in her place was appointed by the superior court to prosecute the appeal.

It is provided by §1 that "Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established * * *." In construing that section this court has held that a person is "aggrieved" thereunder when his grievance is a substantial one amounting to "a denial of some personal or property right or the imposition upon a party of a burden or obligation." *Tillinghast* v. *Brown University*, 24 R. I. 179, 184.

The appellant contended in the case at bar that as the sole expectant heir of Mabel L. Whitmarsh and as one who might become liable for her support she had such a grievance entitling her to appeal. The appellee argued to the contrary and relied upon *Hadfield* v. *Cushing*, 35 R. I. 306. The justice of the superior court was persuaded by such argument and expressly rested his decision dismissing the appeal on that case.

We do not agree with that view nor do we think that the *Hadfield* case is controlling in the circumstances here. On the contrary we are of the opinion that appellant is an aggrieved person for the following reasons. It appears from the guardian's account that her grandmother's estate is exhausted and that she is thereby apt to become in need of relief as a poor and indigent person. In such event appellant as her sole expectant heir would become obligated, under G. L. 1938, chap. 69, §5, to contribute to her grandmother's support. According to that section: "The kindred of any such poor person, if any he shall have, in the line or degree of father or grandfather, mother or grandmother, children or grandchildren, by consanguinity, or children by adoption, living within this state and of sufficient ability, shall be holden to support such pauper in proportion to such ability."

In *Roullard* v. *McSoley*, 54 R. I. 232, this court held that one who was potentially liable to support such a person

under §5 was an aggrieved person within the meaning of G. L. 1923, chap. 362, §1, now G. L. 1938, chap. 573, §1. In that case the probate court of Cranston appointed a guardian of the person and estate of Woodrow W. Welch, an orphaned infant without brother or sister. His maternal grandmother appealed and the superior court refused to dismiss such appeal. This court upheld that ruling, stating at page 234: "If the estate of the ward is wasted by the guardian, the obligation to support the ward is imposed upon the grandmother by the statute. Her interest in the guardianship is not general or remote; it is particular and immediate."

In a more recent case, *Ankney* v. *Pettine,* 79 R. I. 471, which we said was similar to the *Roullard* case, although it involved a different statute, we held that a daughter who could be found criminally liable under such statute, G. L. 1938, chap. 419, §1, if she neglected to support her incompetent father in the event he became destitute was an aggrieved person entitled to appeal from a decree of a probate court appointing a guardian over him. At the time the daughter had no duty to support her father since he was not destitute. We held that such circumstance made no difference and at page 475 stated: "The necessity for the performance of such duty may be suspended or dormant until a parent is unable to maintain himself, but the obligation imposed by the statute is nonetheless real and existent."

In the instant case it has been argued that appellant because of her immature age is unable to contribute to the support of her grandmother and that because of the disparity in their ages she may never become liable to so contribute. But those possibilities do not alter the case. One of immature age might nevertheless be possessed of an estate and then be financially able to discharge the obligation imposed by the statute. But such ability need not be presently actual. It is sufficient to qualify appellant as an aggrieved person

if there is "potential financial liability," as it was aptly termed in the *Roullard* case.

In *Hadfield* v. *Cushing, supra,* the effect of a statute similar to G. L. 1938, chap. 69, §5, does not appear to have been brought to the attention of the court. Apparently the only question posed there was whether a mere expectant heir, without reference to his liability under such a statute, was thereby an aggrieved person. We think the decision would have been different if the court had been confronted with the question as it was presented here. In any event *Roullard* v. *McSoley, supra,* has clearly settled such question and in *Ankney* v. *Pettine,* 79 R. I. 471, at page 475, we accepted the rationale of that case as controlling. We see no reason for altering that view.

The appellant's exception is sustained, the decision dismissing the appeal is reversed, and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for appellant.

*Samuel W. Weintraub,* for appellee.