CHARLES E. SPOONER, JR. *vs.* STUART TUCKER, *Executor.*

AUGUST 6, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an appeal from a decree of the probate court of Providence wherein an instrument in writing was admitted to probate as the will of Catherine V. O'Neill. While the appeal was pending in the superior court, the executor appellee moved to dismiss the appeal, the appellant moved for permission to amend his reasons of appeal, and certain relatives by affinity of the testatrix moved to be made parties to the appeal. After hearing, a justice of the superior court granted the motion to dismiss and denied the motion to amend the reasons of appeal and the motion to add parties appellant. The case is before this court on exceptions to these decisions.

The testatrix, Catherine V. O'Neill, a resident of the city of Providence, died on November 5, 1948 and the instrument in writing purporting to be a will executed by her on August 19, 1948 was admitted to probate on May 27, 1949. Stuart H. Tucker, the appellee, was designated and qualified as the executor under the will. A claim of appeal from the decree of the probate court was duly filed as were the appellant's reasons of appeal. The validity of the will is attacked in the reasons of appeal on the ground that such will was procured by undue influence and that the testatrix lacked testamentary capacity.

On July 7, 1952 the executor moved to dismiss the appeal on several grounds, all of which charge in substance that appellant in his reasons of appeal "has failed to allege sufficiently the facts upon which he bases his claim that he is an 'aggrieved person' within the meaning of the phrase as

used in Chapter 573, Section 1, General Laws, 1938." In his reasons of appeal appellant alleges only that he is interested in the estate of the testatrix and that he is aggrieved by the decree admitting the purported will to probate. He does not contend that he has alleged in his reasons of appeal from the probate court the facts on which he bases his claim to be entitled to appeal under the statute, but on October 14, 1952 he moved that he be permitted to amend his reasons of appeal so as to show an interest in the estate of the testatrix "by virtue of having been designated as the taker of the residuary estate of Catherine V. O'Neill in a will prior in time to the instrument dated August 19, 1948 * * *" and that he was aggrieved by the decree in question.

In March 1955 at a hearing in the superior court appellant adduced without objection evidence in support of his motion to amend the reasons of appeal. This evidence, which was substantially uncontradicted, was to the effect that the testatrix had executed a will prior to the one admitted to probate; that he had been designated therein as residuary legatee; that he was not mentioned in the will admitted to probate; that he did not know the whereabouts of the prior will; that he had in his possession an unexecuted carbon copy of the prior will; and that he was not related to the testatrix.

The executor, in pressing his motion to dismiss, contends that under general laws 1938, chapter 573, §1, an appellant is required by implication to set out in his reasons of appeal the facts or circumstances upon which he bases his claim to be a "person aggrieved." He opposes appellant's motion to amend on the ground that the evidence adduced concerning his status under the prior will does not establish that he is a "person aggrieved," and therefore amendment of the reasons would be without meaning.

We will consider first whether a person seeking review of

a decree under chap. 573, §1, is required to make allegations in his reasons of appeal of the facts or circumstances upon which he relies to show he is aggrieved. The pertinent portion of §1 reads: "Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court * * *."

Such allegations relate to matters which go to the jurisdiction of the appellate court to entertain the appeal. This is so in the case of appeals from courts of probate to the superior court. It is our opinion that under this statute an appellant, if his interest does not appear in the record, must set out in his reasons of appeal the facts or circumstances upon which he bases his claim to be entitled to appeal as a person "aggrieved." Such allegations will be sufficient, however, if they show an interest in the subject matter of the controversy and that the decree has adversely affected some personal or property right or imposes upon him some burden or obligation. *Whitmarsh* v. *McGair*, 84 R. I. 226, 122 A. 2d 748.

It is not necessary that the appellant, as a condition precedent to being permitted to prosecute an appeal from a decree admitting a will to probate, prove that he would inherit or otherwise be entitled to share in the estate if the decree appealed from were reversed. Whatever his rights might be if the present will is not proved, they are not material on the question of the validity of the will now in probate. *Spooner* v. *Tucker*, 78 R. I. 329. In our opinion a person is "aggrieved" and entitled to prosecute an appeal under this statute if he shows that, in the circumstances that existed with reference to the estate prior to the admission to probate of the challenged will, he could have presented to an appropriate court a justiciable question as to his right to share in the deceased's estate.

This is not to say, however, that where a motion is made

to dismiss an appeal for want of jurisdiction on the ground the prospective appellant is not a "person aggrieved" within the meaning of the statute, he will not be required to prove the jurisdictional allegations, that is, the truth of the allegations of the circumstances upon which he relies in claiming to be a "person aggrieved." In the instant case appellant has met this requirement. He has adduced evidence which is substantially uncontradicted that a prior will had been executed by the testatrix and that he was designated therein as the residuary legatee. In such circumstances, absent the will now in probate, the prior will could be offered for probate and, if proved, admitted thereto. That appellant may have an interest in the estate is clear, and that the challenged decree impairs that interest is equally clear. We are of the opinion that in this state of the evidence the trial justice was clearly wrong in finding that appellant was not a "person aggrieved" and that it was error for him to grant the executor's motion to dismiss the appeal.

We are also of the opinion that it was error to deny appellant's motion to amend his reasons of appeal. The statute with respect to such reasons of appeal provides that "for cause shown, and with or without terms, the superior court shall allow amendments thereof and additions thereto." Under that statute the court clearly has power to permit amendment of the reasons of appeal, but this power must not be exercised arbitrarily. We think that in the circumstances here the trial court abused its discretion in denying the motion to amend, but inasmuch as the interest of appellant now appears in the evidence adduced at the hearing, such amendments as were sought would amount to nothing more than surplusage for our purposes on appeal.

There remains the question whether the trial justice erred in denying the motion of Cecelia Gillan and Janet Hoye, sisters of the deceased husband of the testatrix, to be

made parties appellant. They rely on a proviso contained in G. L. 1938, chap. 573, §2, which provides that "the superior court at any time during the pendency of the appeal may direct any additional notice or service, and, upon motion, may permit any *interested party* to enter an appearance." (italics ours) We held in *Spooner v. Tucker, supra,* when considering this same motion, that the superior court has power under this proviso to hear and decide such motions. The obvious purpose of the proviso is to enable the court to promote justice in cases involving the settlement of estates by empowering it to add as parties, persons whose interest in an estate is belatedly ascertained as well as those who, because of an interest in an estate, should be made subject to the judgment of the court in order to expedite and terminate such litigation.

Clearly under this proviso the court may permit any interested party to enter an appearance either in the status of the party appellee or the party appellant, as his interests may require. The proviso, however, is not to be construed as nullifying the requirement of chap. 573, §1, that any person seeking to appeal from a decree of the probate court must be a "person aggrieved" by that decree. Where a person seeks to be added as a party appellant when an appeal is pending and thereby seeks to become a party to that appeal, he must establish that he has an interest in the estate and that he is aggrieved by the decree. The burden of showing this is on the sisters in the instant case.

In their motion they alleged that they are sisters of William O'Neill, deceased husband of the testatrix, and that the testatrix "left no heirs-at-law or next of kin who would inherit her estate if she died intestate * * *." In these circumstances they contend they would be entitled to share in the estate as heirs-at-law of their deceased brother if the will of the testatrix is found to be invalid. The motion was heard by a justice of the superior court, who, over ob-

jection and without requiring any evidence to be adduced, granted the motion.

The appellant took exception to this ruling and prosecuted his bill of exceptions to this court. We held that while the trial justice had power to hear and decide the motion, his exercise thereof was arbitrary when he granted it over objection without taking evidence thereon. We remanded the case to the superior court with direction that the sisters be afforded an opportunity to adduce such evidence as they desired. See *Spooner* v. *Tucker, supra.* In 1955 the motion was again heard on the remand. Evidence was adduced, and the court denied the motion.

The statutory provision upon which the sisters rely in claiming an interest in the estate is contained in G. L. 1938, chap. 567, §4, as amended by public laws 1944, chap. 1421. The pertinent portion thereof reads as follows:

> "* * * When in this chapter the inheritance is directed to go by moieties to the paternal and maternal kindred, if there be no such kindred on the one part, the whole shall go to the other part; and if there be no kindred either on the one part or the other the whole shall go to the husband or wife of the intestate, and if the husband or wife be dead, it shall go to his or her kindred in the like course as if such husband or wife had survived the intestate and then died entitled to the estate."

In order to establish that they have an interest in the estate, it is not necessary for the sisters in this proceeding to prove that intestacy would result from a failure of the will now in probate. Their right to share in that estate if the present will is not proved lacks materiality on the issue of the validity of that will. If they can show that should intestacy result by reason of the failure of the present will they would have a justiciable claim of right to share in the estate, they have proved that they have an interest therein. If the decree of the probate court admitting the will to probate operates adversely on that interest, they are "per-

sons aggrieved" and entitled to be permitted to enter an appearance as parties appellant and join in the appeal.

Evidence was adduced to show that they were sisters of the deceased husband of the testatrix. There was also evidence introduced tending to prove that to the knowledge of the witnesses the testatrix was never visited by relatives and that she had repeatedly stated that she had no relatives and was alone in the world.

The sisters contend that in this state of the evidence, denial of their motion to be admitted as parties appellant was an abuse of discretion on the part of the trial justice. The appellant Spooner and the executor contend that the evidence was insufficient to show that the sisters were interested parties within the meaning of the statute. Such contention, however, goes to the question of whether the evidence adduced suffices to prove the ultimate fact of intestacy and the right of the sisters to inherit because testatrix died intestate. We do not think that proof of such facts is pertinent to the issue before us.

As we have stated, in order to be made parties to an appeal it is necessary to prove only the jurisdictional facts, namely, that they have an interest in the estate and that they are aggrieved by the decree. It is our opinion that the sisters have made at least a prima facie case that the testatrix died without heirs-at-law or next of kin and they have proved that the relationship to the estate in which they stand is that contemplated by the statute as giving rise to a claim of right to share in that estate. We are of the opinion that this constitutes a claim of sufficient interest in the estate within the meaning of the statute and that the decree of the probate court appealed from had the effect of impairing, if not destroying, that interest. In these circumstances the trial justice was clearly wrong in denying and dismissing their motion to be made parties appellant.

The exceptions of the appellant Charles E. Spooner, Jr. to the granting of the appellee's motion to dismiss and to

the denial of his motion to amend his reasons of appeal are sustained. The exception of Cecelia Gillan and Janet Hoye to the denial of their motion to be permitted to be made parties appellant is also sustained. The case is remitted to the superior court with direction to grant said motions and for further proceedings in accordance with this opinion.

FLYNN, C. J., did not participate in the decision.

*Letts & Quinn, Daniel J. Murray, Jerome B. Spunt,* for appellant Charles V. Spooner, Jr.

*Joseph H. Coen,* for appellants Cecelia Gillan and Janet Hoye.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Charles A. Curran,* for appellee.