254 A.2d 758.

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY *vs.* ALBERT FASCIO *et al.*

JUNE 24, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a judgment of the superior court dismissing the petition of the petitioner here for a review of a decision of

the board of review of the department of employment security granting unemployment compensation benefits to certain of the petitioner's employees. We granted the writ, and pursuant thereto the pertinent record has been certified to this court.

It appears therefrom that in April 1968 petitioner was involved in a labor dispute with certain of its employees who were members of the International Brotherhood of Telephone Workers, which dispute had resulted in a work stoppage. On April 26, 1968, a number of telephone operators who were employed by petitioner became unemployed by reason of their refusal to cross a picket line maintained by the members of the International Brotherhood. It is conceded that the operators were members of another union that at the time was not involved in the labor dispute. When the operators applied for unemployment benefits, the acting director of the department of employment security, finding them disqualified by reason of the provisions of G. L. 1956, §28-44-16, denied their application for benefits. Section 28-44-16 establishes a limitation on the right of employees who become unemployed by reason of a strike or other industrial controversy to recover benefits absent a a showing "* * * that the claimant is not a member of the organization or group responsible for the stoppage of work, and is not participating in or financing or in any way directly interested in the labor dispute which caused the stoppage of work."

From that decision the employees appealed to the board of review of the department of employment security and, after hearing, that body reversed the decision of the acting director. Thereafter, on August 8, 1968, petitioner, acting pursuant to the provisions of §28-44-52,[1] filed in the supe-

---

[1]Section 28-44-52 reads in part: "Each party shall be furnished promptly a copy of the decision and the supporting findings and conclusions of the board of review. The decision shall be final unless any party in interest,

rior court a petition for judicial review of the decision of the board of review of the department. After hearing, the superior court dismissed petitioner's petition for review on the ground that it was not an "aggrieved" person within the meaning of §42-35-15 (a).[2]

The record discloses reference by the trial justice to an "extensive discussion in chambers." While no summary of that discussion appears in the record, it is to be reasonably assumed that it concerned the question of whether §42-35-15 (a) of the administrative procedures act had, in effect, repealed the provisions contained in §28-44-52 providing for a superior court review of decisions of the board of review of the department of employment security. The record further discloses that after the noon recess, counsel for the unemployed workers moved to dismiss the appeal for the reason that petitioner was not an aggrieved person within the meaning of §42-35-15 (a). This motion was subsequently granted by the court specifically on the ground that petitioner was without such an interest as would enable it to appeal under the provisions of §42-35-15 (a).

The record does not disclose that there was any substantial dispute as to the right of petitioner here to have prosecuted an appeal from the decision of the board of review

---

including the director, shall initiate judicial review by filing a petition with the clerk of the superior court for the counties of Providence and Bristol, or with the clerk of the superior court for the county in which the petitioner resides, within fifteen (15) days after the board of review's decision has been mailed to the last known address of each party in interest or otherwise delivered to him. * * *"

[2]Section 42-35-15 (a) reads: "Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy."

under §28-44-52 prior to the enactment of §42-35-15 (a). The respondent board appears to have contended that the provisions of §42-35-15 (a) provided an exclusive procedure for obtaining a review of such a decision in the superior court and that its enactment had repealed the provisions of §28-44-52 by implication. In this court the case continues in that posture, petitioner urging, first, that the pertinent provisions of §42-35-15 (a) did not repeal the provisions of §28-44-52 and, second, that if §42-35-15 (a) provides the only appeal in these cases, it is an aggrieved person within the contemplation of that statute.

Prior to the adoption of the administrative procedures act, standing to petition for judicial review of decisions of the board of review of the department of employment security was regulated solely by the provisions of chap. 44 of title 28. Specifically, §28-44-52 provided that the findings and conclusions of the board of review were conclusive unless any "party in interest" petitions the superior court for a review. It is made clear by an examination of the provisions of §§28-44-53 and 28-44-39 (D) that an employer was a "party in interest" within the meaning of said §28-44-52 and, therefore, had standing to seek judicial review of a decision of the board of review. It becomes pertinent then to determine whether the adoption of the administrative procedures act implicitly repealed those provisions of chap. 44 of title 28 securing to an employer standing to appeal an agency determination.

It is common knowledge that the purpose of the administrative procedures act was to provide a uniform and consistent approach to the problems created by the increasing number and expanding jurisdiction of state administrative agencies. Implicit within this theory of providing a uniform standard for interagency procedures as well as judicial review is the idea that certain existing statutes relating to the subject matter covered by the administra-

tive procedures act of necessity would have to be repealed if uniformity in this area was to be achieved. The legislature, cognizant of this necessity, adopted §42-35-18 of the administrative procedures act, which, in pertinent part, provides that "* * * all acts and parts of acts inconsistent herewith shall stand repealed * * *." The issue then to be determined in the instant circumstances is whether the legislative definition of standing as being a person "aggrieved" is "inconsistent" with the former standing requirement that one be a "party in interest" as specified in §28-44-52.

There is, in our opinion, such inconsistency between the requirements for standing specified in §28-44-52 and an aggrieved person within the contemplation of §42-35-15 (a) as to require holding that the former was repealed by the latter. In *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Board,* 100 R. I. 644, 218 A.2d 659, we held that the provision of §42-35-15 (a) which reads, "This section does not limit utilization of or the scope of judicial review * * * provided by law" constituted a savings clause which preserved only an aggrieved party's right to utilize the various procedures for review within the jurisdictional structure of the agency alone. This, in our opinion, constituted our recognition that the administrative procedures act provides the exclusive method whereby agency decisions are to be reviewed by the superior court. Similarly, it is our opinion that the question of whether a petitioner has standing to initiate judicial review of the decisions of the board of review of the department of employment security is to be determined exclusively by the standard set forth in §42-35-15 (a), that is, whether or not the petitioner is an "aggrieved" person within the meaning of that section.

The view we thus take of the effect of §42-35-15 (a) is consistent with the underlying theory of the administrative procedures act to relieve the confusion that inhered in the administrative practice in this state by providing a

uniform system of procedures and standards to regulate action within the agency affected and at the same time to uniformly regulate the scope of judicial review of agency action. It is our conclusion then that, in enacting §42-35-15 (a), the legislature intended to provide a single and exclusive method of obtaining judicial review of agency decisions, excepting only the decisions of such agencies as are specifically exempted from the provisions of the administrative procedures act.

We turn then to the question of whether petitioner here is an aggrieved person within the meaning of §42-35-15 (a). In construing statutes which provide for judicial review upon aggrievement, this court has generally held that such aggrievement results when the order, decision, or decree adversely affects in a substantial manner some personal or property right of the party or imposes upon it some burden or obligation. This test has been applied under statutes affecting various areas of the law in which judicial review of agency decisions has been provided for. *Tillinghast* v. *Brown University*, 24 R. I. 179, 52 A. 891; *Whitmarsh* v. *McGair*, 84 R. I. 226, 122 A.2d 748; *Spooner* v. *Tucker*, 86 R. I. 266, 134 A.2d 403; *Newport National Bank* v. *Providence Institution for Savings*, 101 R. I. 614, 226 A.2d 137.

The record in this case does not disclose any circumstances that would warrant finding that a property right or interest of petitioner had been substantially and directly adversely affected by the decision of the board of review granting compensation to the unemployed workers. The petitioner conceded in the course of oral argument that its pecuniary interests have not been substantially affected by the decision, primarily on the ground that the payments reflecting such benefits made to the workers were charged to the solvency fund of the department of employment security and not to it. Obviously, the decision imposed no direct burden or obligation of a substantial nature upon

petitioner. In the circumstances, we conclude that under the general rule as laid down in our cases, petitioner was not an aggrieved person within the purview of §42-35-15 (a).

The petitioner does, however, argue vigorously that the decision of the board granting unemployment compensation to workers whose unemployment results from a labor dispute could well encourage its labor force to engage in future labor disputes and impede the process of collective bargaining with a substantial loss of revenue to petitioner and of service to the public. It argues, as we understand it, that this future consideration constitutes an adverse effect upon its interest in the continuance of its public operation.

It is to be conceded that in some appropriate circumstance a decision of an agency might well adversely affect an employer in some future situation. In our opinion, however, situations of this nature, where the adverse effect of the decision would be sufficient to sustain a claim of aggrievement, would be rare. Obviously, were such a claim to be made, it would be necessary to show that the occurrence of the future circumstance was reasonably certain and substantial and would necessarily be required to amount to more than mere speculation. We have concluded, however, that in the circumstances the speculative character of the petitioner's claim in the instant case precludes us from reasonably finding that it would have an adverse impact upon its future right or interest such as would support a finding of aggrievement. To do so would probably encourage the parties, and particularly in the field of labor relations, to engage in conduct designed to extend and intensify such litigation to the detriment of the public interests being served. It suffices to say without any extended discussion that in the instant circumstances the threat of an adverse effect upon the interests of the petitioner is so

lacking in reasonable certainty and in substance as to compel us to conclude that the argument in this case is without merit.

The petition for certiorari is denied and dismissed, the judgment appealed from is affirmed, and the record certified to this court is ordered returned to the superior court.

Motion to reargue denied.

*Tillinghast, Collins & Tanner, Edwin H. Hastings, Peter J. McGinn,* for petitioner.

*Irving J. Bilgor,* for Board of Review, Department of Employment Security.

*Abedon, Michaelson, Stanzler and Biener, Julius C. Michaelson,* for Helen Rugg and Certain other employees of New England Telephone and Telegraph Company, and The New England Federation of Telephone Traffic Workers, for respondents.