294 A.2d 181.

RAYMOND C. INSANA *et al. vs.* RHODE ISLAND HOSPITAL
TRUST CO., *Ex'r.*

AUGUST 7, 1972.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J.   This is an appeal from a decree of the
Probate Court of the town of North Providence, allowing
for probate the will of Joseph Insana.   Under his will, the
testator, father of nine children, had bequeathed his entire
estate to his son, Nicholas.   In the Probate Court an ap-
pearance was entered on behalf of four of the testator's re-
maining children, contesting the validity of the will.   Two
of those so contesting the will, Domenic and Raymond, upon
the allowance of the will by the probate judge, prosecuted
an appeal to the Superior Court on October 31, 1967, pur-
suant to G. L. 1956 (1969 Reenactment) §33-23-1.

During the pendency of the appeal in the Superior Court,
three of the testator's children, Frank, Patricia, and Doris,
who had not previously been parties to this matter either in
the Probate Court or in the Superior Court, entered an ap-
pearance therein by their attorney.   Thereafter, the original
parties to the appeal reached a settlement and thereupon
moved to dismiss the appeal and coupled this motion with
a motion to strike the appearance on behalf of Frank, Pa-
tricia, and Doris.   A justice of the Superior Court granted

both motions, and the intervenors appealed those orders to this court.

The sole question in this court is whether these motions were properly granted. Under §33-23-8 any interested party who has not previously appeared in a cause of this sort may *upon motion* be allowed by the Superior Court to enter an appearance.[1] The record indicates that rather than presenting a motion requesting that they be allowed to enter an appearance in this matter pursuant to the statute, the intervenors simply filed an entry of appearance. The language of the statute is clear and the court has held in previous decisions that in the circumstances presented here a person seeking to intervene is not accorded standing as a matter of right. Rather, the Superior Court must first determine upon motion that "[w]here a person seeks to be added as a party appellant when an appeal is pending and thereby seeks to become a party to that appeal, he must establish that he has an interest in the estate and that he is aggrieved by the decree. The burden of showing this is on the [party seeking to intervene]." *Spooner* v. *Tucker*, 86 R. I. 266, 273, 134 A.2d 403, 407 (1957).

It is our conclusion, then, that compliance with §33-23-8 is essential if a party is to be permitted to intervene before the court. This requires, in our opinion, some sort of formal motion requesting the court to exercise its discretion on the motion to intervene. The purported intervenors have not only failed to make such motion but have not even alleged that they have the status of interested parties, which is necessary to bring them before the Superior Court. In our opinion, then, the purported appearance before the Superior

---

[1]Section 33-23-8, in pertinent part, provides: "* * * provided, further, that the superior court at any time during the pendency of the appeal may direct any additional notice or service, and, upon motion, may permit any interested party to enter an appearance."

Court was properly stricken by the trial justice, and the motion to dismiss was properly granted.

The appeal of the intervenors is denied and dismissed, and the orders appealed from are affirmed.

Mr. Justice Joslin did not participate.

*Marcaccio & Marcaccio, Edward J. Marcaccio,* for Raymond and Domenic Insana, appellants.

*Israel Moses,* for Frank Insana, Patricia Shepard and Doris Weber, intervenors.