NEWPORT ELECTRIC CORPORATION

v.

PUBLIC UTILITIES COMMISSION.

No. 81-82-M.P.

Supreme Court of Rhode Island.

Feb. 2, 1983.

Sheffield & Harvey, Brian G. Bardorf, Newport, for petitioners.

Dennis J. Roberts II, Atty. Gen., John R. McDermott, Sp. Asst. Atty. Gen., for respondent.

OPINION

WEISBERGER, Justice.

This is a statutory petition for certiorari brought by Newport Electric Corporation (Newport). The petition seeks to review a portion of the Report and Order promulgated by the Rhode Island Public Utilities Commission (the commission) on February 4, 1981, in docket No. 1510 entitled "In Re: Newport Electric Corporation Tariff filed May 6, 1980." This petition is brought pursuant to G.L. 1956 (1977 Reenactment) § 39-5-1, which provides in pertinent part:

"Any person aggrieved by a decision or order of the commission may, within seven (7) days from the date of such decision or order, petition the supreme court for a writ of certiorari to review the legality and reasonableness of said decision or order."

We are of the opinion that Newport is not aggrieved by the commission's decision and therefore dismiss the petition for certiorari. The facts underlying this unusual controversy are as follows.

In the Report and Order issued by the commission, rate relief was awarded to Newport, but no claim has been made by the company that such relief was inadequate or improper. A portion of the order, however, expressed the opinion that the future viability of this company is question-

able because of its small size, because of its lack of facilities for generating electricity, and because of the limited ability of local businesses to absorb additional rate increases. The commission also commented favorably on the efficiency of Newport's management. This portion of the Report and Order was not necessary to the commission's decision and therefore constituted *obiter dictum* in the best traditions of *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).[1]

■ It has been well settled by this court that one who seeks review in an appellate court must establish affirmatively that he is sufficiently aggrieved in order to acquire standing. *Newman-Crosby Steel, Inc. v. Fascio,* R.I., 423 A.2d 1162, 1167 (1980). It has further been stated that a person is so aggrieved by a judgment or order when such judgment or order results in injury in fact, economic or otherwise. *Rhode Island Ophthalmological Society v. Cannon,* 113 R.I. 16, 26, 317 A.2d 124, 129 (1974). This doctrine of standing based upon aggrievement and economic loss has been recently applied in *Blackstone Valley Chamber of Commerce v. Public Utilities Commission,* R.I., 452 A.2d 931 (1982).

■ In its brief and at oral argument, Newport has been unable to show any injury in fact or economic loss flowing from the commission's dictum. Indeed, counsel conceded at oral argument that a stock sale carried out by Newport in order to achieve additional equity capital had been very successful, in spite of the pessimistic predictions of the commission. In the absence of a demonstrated adverse effect upon its property, income, or indeed even its investment potential, Newport has no standing to seek review of the commission's Report and Order.

For the reasons stated, the petition for certiorari is denied and dismissed, the writ heretofore issued is hereby quashed, and the papers in the case may be remanded to the commission with our decision endorsed thereon.

MURRAY, J., did not participate.

---

1. In *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), Chief Justice Marshall, after commenting at great length on the impropriety of Secretary of State Madison's failure to deliver certain commissions to justices of the peace appointed by President Adams just prior to the expiration of his term and further commenting extensively on the writ of mandamus, ultimately decided that the Supreme Court of the United States did not have jurisdiction of the case at all since that portion of the Judiciary Act of 1789 which purported to give the Court original jurisdiction of mandamus was unconstitutional.