**John S. RENZA, Director of the Department of Employment Security**

**v.**

**Henry F. MURRAY et al.**

**No. 85–492–M.P.**

Supreme Court of Rhode Island.

May 12, 1987.

Ronald A. Cavallaro, Providence, for plaintiff.

William G. Brody, Powers & McAndrew, Providence, John B. Ennis, Cranston, for defendants.

## OPINION

KELLEHER, Justice.

At the November 1984 general election, Bonnie Cimino (Cimino) was the Democratic Party's candidate for the office of Secretary of State. She had left her position as the executive director of the state's Permanent Advisory Council on Women so that she could direct all her efforts toward a successful candidacy. Unfortunately for Cimino, a majority of the electorate voted for the Republican candidate. Sometime in December 1984 Cimino filed a petition for unemployment benefits. The director of the Department of Employment Security (director) denied the petition on the grounds that Cimino had voluntarily left her position for the opportunity to seek public office and that her leaving for such a purpose did not constitute "good cause." Cimino appealed the director's decision to a department referee, who in turn affirmed the director. She then appealed the referee's action to the department's board of review. In due course, the board vacated the referee's decision and awarded Cimino benefits, ruling that Cimino's employment had been terminated by discharge and was not a voluntary departure. The board noted that there were "no state laws or regulations which would prohibit an unclassified state employee from running for state office" and that in the board's opinion her

decision to run for public office "did not constitute misconduct."

The director, acting pursuant to the relevant provisions of G.L.1956 (1984 Reenactment) chapter 35 of title 42, appealed this action to the District Court. There Cimino's counsel responded with a motion to dismiss the director's appeal because there was no statutory basis which would countenance such an appeal by an agency. According to the District Court justice, only a "person" can appeal an adverse agency decision and the director was not such a "person." Taking a lead from our previous actions in *Rohrer v. Ford*, 425 A.2d 529 (R.I.1981), we have issued a statutory writ of certiorari to consider the director's argument that he, like Rohrer, the then-director of administration who we ruled was aggrieved by a decision of the State Personnel Appeal Board, is aggrieved by the board of review's action.

As we begin, we would note an apparent grant of a right of review to the director in G.L.1956 (1986 Reenactment) § 28–44–52, which specifically states that decisions of the board of review can be reviewed by "any party in interest, including the director." However, despite this apparent express grant to the director, this court, in *New England Telephone and Telegraph Co. v. Fascio*, 105 R.I. 711, 254 A.2d 758 (1969), ruled that the Legislature, by its adoption of the Administrative Procedures Act, intended to provide that there be "a single and exclusive method of obtaining judicial review of agency decisions" with the exception of those agencies that "are specifically exempted from the [act's] provisions." *Id.* at 717, 254 A.2d at 761.

Any person who has exhausted all available administrative remedies and who is aggrieved by a final decision in a contested case is entitled, by the specific provisions of § 42–35–15(a), to judicial review. The term "person" has been defined in § 42–35–1(f) as "any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character *other than an agency.*" (Emphasis added.) It appears that the board and the District Court justice, in their 1985 consideration of this controversy, have somehow overlooked what this court has said about the public's interest that an agency's decision should not be allowed to go unreviewed.

In *Matunuck Beach Hotel, Inc. v. Sheldon*, 121 R.I. 386, 391–95, 399 A.2d 489, 491–93 (1979), this court reexamined those cases that addressed the standing of agency directors and commissioners to seek judicial review of decisions of commissions and boards of review. This court noted that in *Rhode Island Ophthalmological Society v. Cannon*, 113 R.I. 16, 317 A.2d 124 (1974), we adopted the uniform test for all parties whose standing is challenged in any matter; that is, we look to "whether the person whose standing is challenged has alleged an *injury in fact* resulting from the challenged statute. If he has, he satisfies the requirement of standing." *Matunuck Beach Hotel, Inc.*, 121 R.I. at 394, 399 A.2d at 493 (quoting *Rhode Island Ophthalmological Society*, 113 R.I. at 26, 317 A.2d at 129). In noting that the injury-in-fact test has been relied upon generally to determine standing questions, we made it clear that standing could also be conferred upon an agency itself to seek review of a decision when "the public has an interest in the issue which reaches out beyond that of the immediate parties." *Id.* at 393, 399 A.2d at 493 (quoting *Buffi v. Ferri*, 106 R.I. 349, 351, 259 A.2d 847, 849 (1969)). In *Altman v. School Committee of Scituate*, 115 R.I. 399, 347 A.2d 37 (1975), for example, this court held that the Scituate School Committee had standing to challenge a decision of the State Board of Regents because the public had a very real stake in the issue that was presented at the agency level.

One year after *Matunuck Beach Hotel, Inc.*, this court made it clear that standing to challenge an agency decision is conferred upon "an agency or [the] head of an agency [only when the same] is invested with regulatory as opposed to quasi-judicial powers." *Newman-Crosby Steel, Inc. v. Fascio*, 423 A.2d 1162, 1165 (R.I.1980). In *Newman-Crosby Steel, Inc.*, we stated:

"[A]n agency or individual that performs a solely quasi-judicial function has no responsibility for or interest in ensuring that a decision is upheld by an appellate court. * * *

"In contrast, a governmental official, agency, commission, or board charged with the responsibility of administering a particular set of rules and regulations designed to promote the public safety and welfare acts for the people and, as such, must be permitted to represent the people when a matter of public interest is involved." *Id.*

The director of the Department of Employment Security "has been entrusted with the administration of the department's rules and regulations, and [he] is therefore considered to be the guardian of the public interest in the area of unemployment security." *Id.* at 1166. This role for the director is provided by statute.

"It shall be the duty of the director to administer chapters 42–44 * * * and he shall have the power and authority to enforce all the reasonable rules and regulations which may be adopted as provided elsewhere in those chapters and all orders necessary or suitable to that end, and to employ any persons, make expenditures, require reports and take any other action, within his means and consistent with the provisions of those chapters, necessary or suitable to that end." G.L.1956 (1986 Reenactment) § 28–42–31. *See Newman-Crosby Steel, Inc.*, 423 A.2d at 1166.

Because the director of the Department of Employment Security is precisely one of those agency directors who serves as a guardian of the public interest, we need only turn our inquiry to whether the substantive question before the trial court is one in which the public has a very real stake in the issue between the parties. This public's stake in the outcome need not be overwhelming; indeed this court has held that "the question of standing in the public interest area, as in other areas, should not center on the quantum of the public's interest, but on whether an unfavorable outcome of the controversy will adversely affect the public interest." *Matunuck Beach Hotel, Inc.*, 121 R.I. at 395, 399 A.2d at 494. As Professor Davis has said, "[O]ne need not be *substantially* injured in order to be allowed standing." Davis, *Administrative Law of the Seventies* § 22.02–10 at 507 (1976) (*cited in Matunuck Beach Hotel, Inc.*, 121 R.I. at 396, 399 A.2d at 494).

In the present case the public has a very real interest in the outcome of the litigation. In the future, unsuccessful candidates for public office will likely make claims for unemployment benefits as Cimino did here. The board's interpretation of the unemployment laws in this case will have a precedential impact on those cases. The public's interest in uniform and accurate application of the unemployment laws requires that the director be entitled to challenge this board action before a trial justice.

Finally, Cimino claims that even if the director is a "person" within the meaning of the Administrative Procedures Act, he is not "aggrieved" within the meaning of § 42–35–15(a). As noted, a governmental agency (or official) need not be "technically aggrieved" to "obtain review if the public has an interest in the issue at stake which reaches out beyond that of the immediate parties." *Altman*, 115 R.I. at 403, 347 A.2d at 39. Situations such as this come under one of the "several exceptions to the general standard of 'aggrievement.'" *Liguori v. Aetna Casualty and Surety Co.*, 119 R.I. 875, 880, 384 A.2d 308, 311 (1978). This argument advanced by Cimino is therefore also rejected.

The petition for certiorari is granted, and the record in the case is ordered returned to the District Court for consideration of the appeal on the merits.