**Dorothy Ann AKROYD**

v.

**RHODE ISLAND DEPARTMENT OF EMPLOYMENT SECURITY, BOARD OF REVIEW.**

**No. 89–456 M.P.**

Supreme Court of Rhode Island.

Jan. 23, 1991.

Dennis R. Gannon (Sicard, Bruzzese & Connor, Ltd., Warwick, for plaintiff.

Robert E. Flaherty, Warwick, William G. Brody, Board of Review, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case is before the Supreme Court by means of a petition for certiorari seeking review of a District Court judgment finding the plaintiff, Dorothy Ann Akroyd, eligible for unemployment benefits, thereby reversing the finding of ineligibility made previously by the Board of Review for the Department of Employment Security (board or board of review). The petitioner, Roger Williams Foods, Inc., the plaintiff's former employer, claims that the District Court judge erred by exceeding the parameters of the appropriate standard of judicial review for an administrative appeal as set forth in the Administrative Procedures Act. At the outset, however, we must first address the challenge raised by the plaintiff regarding whether the petitioner possesses the proper standing to bring this petition. We find that the petitioner lacks the necessary standing in that it is not an "aggrieved person" as required by G.L.1956 (1988 Reenactment) § 42–35–16. Accordingly the petition is denied, and we need not, therefore, reach the substantive issues.

The facts relevant to this appeal are as follows. The plaintiff was hired by petitioner in August 1987. In June 1988 plaintiff terminated her employment. The plaintiff claims that her poor working relationship with her supervisor, coupled with unwanted sexual advances made by the vice president of the company, gave rise to a number of stress-related health problems, including severe neck and back pain.

Soon after plaintiff terminated her employment, she filed a claim with the Department of Employment Security (DES) for unemployment benefits by reason of voluntary termination for good cause, citing job-related stress and sexual harassment as grounds for termination. The claim was denied, and plaintiff appealed. The hearing officer's denial of the appeal resulted in the filing of a claim of appeal with the board of review. The board subsequently upheld the hearing officer's decision by a vote of two to one.

The plaintiff appealed the board's decision to the Sixth Division District Court, which reversed the board and granted plaintiff unemployment benefits. The petitioner then filed a petition for certiorari to this court, seeking to have the District Court's decision overturned.

In order to establish who has proper standing in this matter, it is necessary for us to interpret the phrase "aggrieved party" as it is used in § 42–35–16. Section 42–35–16 provides in pertinent part:

"Any party in interest, if aggrieved by a final judgment of the superior, family, or district court rendered in proceedings brought under § 42–35–15, may, within twenty (20) days from the date of entry of the judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

Because we have never interpreted the phrase "aggrieved party" as it is used in § 42–35–16, we must first examine previous decisions in which we interpreted that phrase as it is used in § 42–35–15(a).[1] It is well settled by this court that a person meets the aggrieved-party standing requirement when he or she affirmatively establishes that a judgment or order causes him or her an injury. *Renza v. Murray*, 525 A.2d 53, 55 (R.I.1987); *Newport Electric Corp. v. Public Utilities Com'n*, 454 A.2d 1224, 1225 (R.I.1983); *Rhode Island Ophthalmological Society v. Cannon*, 113 R.I. 16, 26, 317 A.2d 124, 129 (1974). This court has gone on to say that an agency[2] vested with regulatory powers is essentially the guardian of the public interest and therefore need not be technically aggrieved to obtain standing when "the public has an interest in the issue which reaches out beyond that of the immediate parties." *Renza*, 525 A.2d at 55 (quoting *Matunuck Beach Hotel, Inc. v. Sheldon*, 121 R.I. 386, 393, 399 A.2d 489, 493 (1979)); *Newman-Crosby Steel, Inc. v. Fascio*, 423 A.2d 1162, 1165 (R.I.1980). We see no reason to construe the same words differently, particularly when both § 42–35–15(a) and § 42–35–16 are part of the Administrative Procedures Act.

In the case at bar, it is plaintiff's employer who brings this appeal. The DES, the agency previously deemed by this court to be the "guardian of the public interest" in the area of employment security, filed no notice of appearance and is not, therefore, a proper party in this proceeding. Sup.Ct. R. 19; *see also Renza*, 525 A.2d at 56. Because, however, DES has standing to bring this appeal, this is not a case in which denying this petitioner standing would permit the judgment to escape review. *Cf. Altman v. School Committee of Scituate*, 115 R.I. 399, 403, 347 A.2d 37, 39 (1975) (school committee allowed to seek review because issue was of public concern and no one else with standing).

■ The petitioner argues in its supplemental brief that the injury-in-fact test has been eroded to such an extent that petitioner need not establish an injury to acquire standing. As we stated above, any inroads we have created to the injury-in-fact test deal exclusively with agency standing as it pertains to the public interest. This petitioner, as a private entity, must establish that it is an aggrieved party in accordance with the injury-in-fact test promulgated in *Rhode Island Ophthalmological Society* to acquire standing. *Rhode Island Ophthalmological Society*, 113 R.I. at 26, 317 A.2d at 129. We find that petitioner has failed to do so, and an independent examination of the facts reveals that petitioner has not suffered any such injury.

The unemployment benefits awarded to the plaintiff will apparently come from the DES "balancing account." G.L.1956 (1986 Reenactment) chapter 43 of title 28. An employer's contribution to this fund is determined by calculating a number of different factors, none of which relates to payments made out of the account to employees of the employer. Section 28–43–9. Any payments received by the plaintiff will therefore have no effect on the petitioner's unemployment-compensation contributions. Consequently the petitioner lacks the injury necessary to render it an aggrieved party.

---

1. General Laws 1956 (1988 Reenactment) § 42–35–15(a) provides in pertinent part:

   "Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter."

2. Section 42–35–1(a) provides:

   "'Agency' includes each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases, and all authorities, as that term is defined [in § 42–35–1(b) ]."

Accordingly the petition for certiorari is denied, the writ heretofore issued is quashed, the judgment of the District Court is affirmed, and the papers in this case are remanded to the District Court with our opinion endorsed thereon.