[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Providence Auto Body, Inc.'s ("PAB/Appellant") timely appeal from the July 6, 2005 Order of the Department of Business Regulation ("DBR/Appellee"), permitting Metropolitan Property and Casualty Insurance Company ("Metropolitan") to subpoena certain documents from and to depose Altieri Glass Company ("Altieri"), a subcontractor of PAB. Finding that the Appellant would suffer irreparable injury were this matter not immediately heard, this Court has jurisdiction pursuant to G.L. 1956 § 42-35-15.[1] For the reasons set forth herein, this Court dismisses PAB's appeal.
 FACTS AND TRAVEL
The controversy before the Court arises out of a complaint PAB filed with the DBR on April 26, 2004, on behalf of John Mancini, one of PAB's customers. The complaint alleged that Metropolitan had violated both G.L. 1956 § 27-10.2-2 and the Unfair Competition and Practices Act, § 27-29-1 et seq.[2]
Specifically, PAB asserted that Lynx Services ("Lynx"), Metropolitan's automobile glass administrator, unlawfully asked PAB to place an aftermarket windshield in the vehicle of Mr. Mancini. PAB also asserted that Metropolitan unlawfully attempted to steer PAB's customers away from PAB to have their vehicles serviced by other facilities. Metropolitan filed a timely answer to this complaint.
During the discovery stage of the aforementioned suit, on June 8, 2005, Metropolitan filed a subpoena duces tecum with the DBR, in accordance with Central Management Regulation 2, Section 13.[3] Metropolitan requested that the DBR execute and return the subpoena to Metropolitan, so that it could serve the subpoena upon Altieri, who removes and installs automobile glass for PAB's clients. On June 16, 2005, the DBR, after having failed to receive an objection to the subpoena from PAB, returned the executed subpoena to Metropolitan. Subsequently, in a letter to the DBR dated June 21, 2005, PAB objected to the subpoena. PAB claimed that the subpoena executed by the DBR was different from the subpoena which Metropolitan had originally provided to it. In particular, PAB alleges that the subpoena executed by the DBR contained an "Appendix A," which PAB contends it had not previously received. Had "Appendix A" been in the original subpoena, PAB asserts, it would have filed a timely objection. Through "Appendix A," the DBR commanded Altieri to bring the following documents to the deposition:
 "Any and all documents evidencing repair, installation, glass purchase or other documents concerning the installation of safety glass on automobiles by Altieri Glass Co. for or on behalf of Providence Auto Body, Inc. since January 1, 2003, including any and all documents (of any date) as to the subcontracting agreements between such entities as to such services and tabulations as to billing by Altieri Glass Co. and payment by Providence Auto Body, Inc. for such services since January 1, 2003."
The DBR held a hearing on PAB's Motion to Quash the subpoena on July 6, 2005. At the hearing, PAB argued that the client lists in the requested documents were PAB's property. (Tr. at 3.) PAB further asserted that the information requested was irrelevant to the underlying case and that Metropolitan was simply embarking upon a "fishing expedition" designed to harass the Appellant. (Tr. at 4.) In response, Metropolitan asserted that it was not engaging in a "fishing expedition" for information; rather, pursuant to Super. R. Civ. P. 26(b)(1), a party is permitted to request any information which may lead to the discovery of admissible evidence, and this, according to Metropolitan, was precisely what was intended by the subpoena.[4] (Tr. at 4.)
At the hearing, the Hearing Officer, addressing PAB's concern that the scope of the subpoena should be limited to the specific dispute between the parties, stated that ". . . I don't see really any reason why more than six months records right around the time of repair would be necessary. Because you're really investigating what happened with this repair. . . ." (Tr. at 10.) Furthermore, because the subpoena should have been limited to documents relating to the underlying case, the Hearing Officer articulated that she did not believe Metropolitan had any reason to access PAB's customer list, which she felt was PAB's property (". . . I agree with you that there's no reason for Metropolitan to have a list of your customers, and . . . it really is proprietary information and there's no reason for it"). (Tr. at 10.) Thereafter, the Hearing Officer proposed a solution in which "Appendix A" would be modified so that it would only apply to documents from January 1, 2004 through June 1, 2004, of which Altieri would first be given the opportunity to redact PAB's customer names.[5] (Tr. at 10.) The DBR, therefore, on July 6, 2005, issued the following order:
 "1) The deposition may proceed forward with modification that the first sentence of Exhibit A quoted above is limited to the time period from January 1, 2004 through June 1, 2004.
 2) Altieri may redact all identifying information regarding customers, including customer name, from the records produced, except for the Mancini claim.
 3) If Altieri is unable to produce the records by the deposition date of July 13, 2005, the subpoena will remain in effect with the parties agreeing to an alternate mutually agreeable date for the deposition."
On July 13, 2005, PAB appealed the DBR's Order to this Superior Court. On appeal, PAB argues that the record lacks any evidence which demonstrates that the documents the DBR ordered Altieri to turn over to Metropolitan will lead to the discovery of admissible evidence. In response, Metropolitan asserts that the DBR's Order was supported by substantial evidence, was a proper exercise of the DBR's discretion, and there exists no clear error of law upon which it may be overturned. In its defense, Metropolitan also argues that the appeal should be dismissed because PAB lacked standing to raise the appeal and because PAB consented to the DBR's Order at the July 6, 2005 hearing.
 STANDARD OF REVIEW
The Superior Court's judicial review of a contested DBR order is governed by the Administrative Procedures Act ("APA"), §42-35-15(g), which provides as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Under the terms of this statute, the reviewing court is precluded from substituting its judgment on questions of fact for that of the agency. Lemoine v. Dep't of Public Health,113 R.I. 285, 291, 320 A.2d 611, 614-15 (1974). This is true even in those cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dep't of Employment Sec.,414 A.2d 480, 482 (R.I. 1980). When reviewing an order, the court's review is limited to determining whether substantial evidence exists to support the decision. Newport Shipyard, Inc. v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance."Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647
(R.I. 1981). If there is any such evidence, the court is required to uphold the agency's factual determinations. Blue Cross andBlue Shield v. Caldarone, 520 A.2d 969, 972 (R.I. 1987). However, agency decisions on questions of law are not binding upon the court and may be reviewed to determine the law and its applicability to the facts. Narragansett Wire Co. v. Norberg,118 R.I. 596, 607, 376 A.2d 1, 6 (1977).
 THE DBR'S ORDER
As threshold issues, this Court summarily rejects Metropolitan's arguments that PAB lacks standing to appeal the Order and that PAB has waived its right to appeal through its consent to the Order. First, Metropolitan argues that because the DBR's Order directed only Altieri to produce any documents, PAB is without standing to appeal the Order. Section 42-35-15 gives standing to an "aggrieved" party. A party is aggrieved "when the order, decision, or decree adversely affects in a substantial manner some personal or property right of the party or imposes upon it some burden or obligation." New England Telephone andTelegraph Co. v. Fascio, 105 R.I. 71, 717, 254 A.2d 758, 761-62
(1969). To obtain standing, therefore, the party need not be the individual to whom the Order is directed. Here, the Court finds, as did the DBR, that PAB has a proprietary interest in the documents. This interest could be injured were PAB not allowed to challenge the Order, as allegedly confidential or private information would be disclosed. Thus, PAB has standing to bring this appeal.
Metropolitan further asserts that PAB consented to the DBR's Order and, therefore, has waived its right to appeal the Order. The Court finds, however, that the record, while indicating that PAB did agree to certain statements made by the Hearing Officer, is inconclusive in regards to whether PAB fully consented to the final Order which the DBR issued. The record does not reveal that PAB consented to the DBR's authority to execute the Order, the issue which it has raised on appeal. Without the clear indication of consent, this Court will not deny the party's right to appeal.
Finding that PAB has standing to bring this appeal, the Court next must address the issues PAB has raised on appeal. PAB argues that the DBR's Order should be overturned because it is unsupported by substantial evidence in the record, was issued through a clear error of law, and was an abuse of the DBR's discretion. Particularly, PAB asserts that the record is devoid of any evidence demonstrating that the documents ordered disclosed will lead to the discovery of admissible evidence. However, based upon the Court's review of the record, mindful not to substitute it judgment on questions of fact for that of the DBR, this Court finds that the DBR did not violate § 42-35-15
when it issued its Order, commanding Altieri to produce the designated materials.
This Court must first address whether or not the DBR had the statutory authority to order the subpoena of documents. The Legislature, through enactment of G.L. 1956 § 42-14-11, has specifically granted the DBR the power to issue subpoenas. "The director is authorized to compel the production of all papers, books, documents, records, certificates or other legal evidence that may be necessary for the determination and the decision of any question or the discharge of any duty required by law of the department. . . ." Section 42-14-11. In addition, the DBR's Regulations also permit the DBR to take action on discovery issues.[6] One regulation relevant to the matter at hand is Central Management Regulation 2, Section 13, which provides that "The Hearing Officer may, sua sponte, or on motion of any of the Parties or witnesses, issue such protective orders, grant such motions to quash and grant other motions as justice or fairness may require." Furthermore, when conducting discovery in a matter before the DBR, "[w]ritten discovery . . . is allowed but may be limited by the Hearing Officer." Central Management Regulation 2, Section 12(E). Here, therefore, pursuant to the above sections, the Hearing Officer had the legal authority to decide upon PAB's motion to quash and to grant the Order relating to the discovery of the subpoenaed documents. Consequently, the DBR's Order requiring Altieri to produce the documents was not in excess of its statutory authority.
Notwithstanding the DBR's authority to order the disclosure of documents, PAB contends that the issuance of the particular subpoena here was clearly erroneous as no substantial evidence existed to support the DBR's decision. PAB asserts that there are two issues to resolve in the underlying case between itself and Metropolitan. The first is whether Metropolitan violated §27-10.2-2 by attempting to have an aftermarket windshield placed in Mancini's automobile. The second issue is whether Metropolitan violated § 27-29-4 by attempting to steer Mancini away from PAB to instead have his windshield installed through another company. PAB claims that the documents requested are unrelated to either of these issues. According to PAB, the documents pertaining to Altieri and PAB's business relationship will not lead to the discovery of admissible evidence; as such, PAB contends it was clearly erroneous for the DBR to issue its Order subpoenaing such materials. However, this Court finds that there exists substantial evidence in the record upon which the DBR may have concluded that the documents ordered disclosed fell within the permissible scope of discovery.
The scope of permissible discovery is governed by the Superior Court Rules of Civil Procedure. Super. R. Civ. P. 26 (b)(1) provides:
 "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
This rule makes it clear that the information sought through discovery need not itself be admissible. Rather, "the test is relevancy to the subject matter, and that inadmissibility in evidence is no objection if the document or other thing sought to be inspected appears reasonably calculated to lead to admissible evidence." Robert Brydon Kent, Rhode Island Practice § 34.3 (1969). A party should be afforded the right to request though discovery information that may lead to evidence which it could use to zealously defend itself.[7] See Hickman v.Taylor, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.")
This Court finds that there was sufficient evidence in the record for the Court to order Altieri to disclose the documents at issue. The record demonstrates that the DBR could have found that the materials may lead to the discovery of admissible evidence, and as such, the DBR did not commit a clear error of law when issuing its Order. For example, at the July 6, 2005 hearing, counsel for Metropolitan argued that the documents sought could lead to admissible evidence that Metropolitan could use to defend itself from the charge that it was unlawfully steering away PAB's customers. On the record, counsel stated:
 "I think it [the business records of Altieri and PAB] has a direct bearing on the particular issues here because the claim of the "steering" is really a claim that somehow the insurance companies and Metropolitan in particular in this instance are steering business away from Providence Auto Body to other places that are willing to do the business for the [sic] less than any self respecting auto body shop could do it and make any kind of profit. . . ." (Tr. at 4.)
Counsel further articulated to the DBR how Metropolitan could possibly discover admissible evidence through the requested documents. He argued:
 "We are entitled. The transcript tapes don't just talk about the vacuuming of the glass. They talk about the purchase and use of modeling kits and everything. Is that done by Providence Auto Body? Is that done by Altieri Glass? You know, what goes on here? I think Metropolitan is entitled to the full picture. It, Metropolitan is the one against whom complaint has been made." (Tr. at 9.)
In other words, this Court finds that the DBR reasonably could have concluded that Metropolitan sought the subpoenaed documents in hopes of gathering information relating to the charges incurred by PAB for the removal of glass. The fees Altieri charged could indicate whether or not PAB was overcharging its customers for the overall installation of windshields. PAB alleged that it was difficult and expensive to replace automobile windshields and, therefore, Metropolitan was without justification to attempt to "steer" customers to PAB's competitors. If the documents, however, demonstrate that PAB was overcharging for its services, Metropolitan could use that information to defend itself from the steering charge. Furthermore, the documents themselves need not be admissible, but only likely to lead to admissible evidence. Here, it is likely that the documents could lead to evidence which Metropolitan could use to defend itself.
This Court finds that based on the testimony, the Hearing Officer was not clearly erroneous when concluding that the requested records would lead to the discovery of admissible evidence. Since a party has a right to discover documents that may lead to admissible evidence, and because the DBR is vested with the authority to grant motions as justice or fairness may require, the DBR did not exceed its statutory authority by issuing its Order, requiring Altieri to produce the documents, limited in scope and redacted of PAB's customer names. Consequently, this Court denies PAB's appeal.
 CONCLUSION
After reviewing the entire record, this Court finds that the DBR's Order, limiting the scope of the subpoena duces tecum but nonetheless allowing for a limited disclosure of documents which may lead to the discovery of admissible evidence is not in excess of the DBR's statutory authority, is not affected by error of law, and is not clearly erroneous. Substantial rights of the Appellant have not been prejudiced. Accordingly, PAB's appeal is denied, and the parties are directed to comply with the terms of the DBR's Order.
Counsel shall submit the appropriate judgment for entry.
[1] Metropolitan argues that the DBR's Order is interlocutory and that this Court should withhold from ruling on the matter. However, "the Administrative Procedures Act grants specific authority for judicial review of interlocutory as well as final orders: `Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy.'" La Petite Auberge v. Rhode Island Comm'n for HumanRights, 419 A.2d 274, 279 (R.I. 1980) (citing § 42-35-15 (a)). Here, PAB could suffer irreparable harm by having its alleged private proprietary information disclosed to Metropolitan, as Metropolitan has been accused of "steering" away PAB's customers. As such, this Court, pursuant to the authority vested to it in §42-35-15(a), shall exercise its discretion to hear the present matter.
[2] Pertinent here, PAB claims that one of the remaining unresolved issues below is whether Metropolitan violated §27-29-4(15). Section 27-29-4(15) requires that
 "The insured or claimant shall be promptly informed by the insurer of his or her free choice in the selection of an auto body repair shop. Once the insured or claimant has advised the insurer that an auto body repair shop has been selected, the insurer may not recommend that a different auto body repair shop be selected to repair the automobile. . . ."
[3] Central Management Regulation 2, Section 13 provides in part: "Upon application of any Party, subpoenas requiring the attendance and testimony of witnesses and to compel the production and examination of papers . . . [or] records . . . may be issued by the Director or his/her designee upon submission to the Hearing Officer."
[4] Metropolitan argues that, because PAB has charged it with unlawfully "steering" customers in violation of § 27-29-4(15), it is permissible for Metropolitan to discover whether PAB is charging reasonable fees. It is Metropolitan's contention that it could defend itself from a "steering" accusation if it can show PAB charged excessive rates. According to Metropolitan, the subpoenaed documents could lead to such evidence and would be admissible in its defense.
[5] The Parties were told and, according to Metropolitan, agreed upon, the course of action the DBR was planning to take:
 "THE HEARING OFFICER: . . . And honestly I don't see really any reason why more than six months records right around the time of the repair would be necessary. . . . Right, Mr. Whitman [counsel for Metropolitan]?
 MR. WHITMAN: Yes, right.
 . . .
 THE HEARING OFFICER: . . . Let's modify the appendix to documentation from January 1, 2004 through June 1, 2004. That should give you the time period with the information redacted as to customer identification.
 MR. PETRARCA [counsel for PAB]: Okay.
 THE HEARING OFFICER: And proceed forward. Okay. I'll issue an order to that effect. Okay.
 MR. PERARCA: Thank you." (Tr. at 10.)
[6] These regulations are promulgated pursuant to G.L. 1956 §§42-14-1 et seq., 42-35-1 et seq., and 42-92-1 et seq.
[7] The DBR specifically encourages the use of discovery in its administrative hearings:
 "The Department favors prompt and complete disclosure and exchange of information and encourages informal arrangements among the Parties for this exchange. It is the Department's policy to encourage the timely use of discovery as a means towards effective presentations at hearing and avoidance of the use of cross-examination at hearing for discovery purposes." Central Management Regulation 2, Section 12(A).