ISADORE WOLF *vs.* S. H. WINTMAN CO.
CHARLOTTE S. WOLF *vs.* S. H. WINTMAN CO.
ISADORE WOLF *vs.* NARRAGANSETT BREWING COMPANY.
CHARLOTTE S. WOLF *vs.* NARRAGANSETT BREWING COMPANY.

APRIL 27, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J. These four actions of trespass on the case for negligence were brought on April 7, 1958 to recover damages alleged to have arisen out of injuries sustained by one of the plaintiffs on October 2, 1953. The superior court heard the plaintiff's motion in each case for leave to file an amended replication to the defendant's special plea of the statute of limitations and the defendant's motion in each case for entry of judgment on the pleadings and thereafter denied the motions of the plaintiffs and granted the motions of the defendants.

The plaintiff in each case has prosecuted a bill of exceptions to this court including therein an exception to the denial of the motion to amend and an exception to the granting of defendant's motion to enter judgment on the pleadings. By so doing they have brought the cases within the

purview of the rule laid down by this court in *Tillinghast* v. *Maggs,* 76 R. I. 401, wherein we held that we would consider such an exception when it is included in a bill of exceptions containing another exception to a final decision of the superior court. For that reason this court will undertake to review the exceptions to the denial of their motions to amend.

It appears from the record that after the declaration had been filed in each case, defendants pleaded the general issue and specially pleaded the statute of limitations. Thereafter the plaintiff in each case filed a replication to the special plea, alleging therein that a prior action for the recovery of damages for the same injuries had been commenced within the statutory period of limitations and had been terminated in such manner as to bring the instant action within the purview of G. L. 1956, §9-1-22. It is therein provided that in appropriate circumstances a new action may be commenced within one year after the termination of the original action. The defendants demurred to the replications so filed, and the demurrers were sustained by the superior court. The plaintiff's exception to said ruling in each case was overruled by this court in *Wolf* v. *S. H. Wintman Co.,* 91 R. I. 127, 161 A.2d 411. The cases were remitted to the superior court for further proceedings, and the motions now under consideration were then made.

The question presented here is whether it was error for the superior court to deny plaintiffs' motions for leave to amend by filing second replications after demurrers to the prior replications to the special plea had been sustained. In other words, we are required to pass upon an exercise of discretion by the superior court. This court has repeatedly said that it is within the sound judicial discretion of the superior court to permit any of the parties to an action to amend the pleadings therein at any time pursuant to G. L. 1956, §9-6-2, and that the statute is to be construed liberally. *Ringuette* v. *Superior Court,* 88 R. I. 218, 145

A.2d 359. Where the superior court has granted or denied leave to amend in an exercise of its discretion, such ruling will not be disturbed on review in the absence of a clear showing that the discretion was either improperly exercised or there was an abuse thereof. *Durepo* v. *Watson,* 75 R. I. 51. The authority thus conferred on the court, however, is not without limitation, and this court in *Colitz* v. *Gilbert,* 53 R. I. 319, said that this discretionary power must be exercised in the light of reason as applied to all the facts and with a view to the rights of all the parties to the action.

The purpose of the second replication is to invoke the doctrine of equitable estoppel as a bar to defendants' assertion of the statute of limitations as a defense. The plaintiffs have annexed to their motions a copy of the proposed second replication wherein, in substance, they allege that they did not commence the instant actions within the statutory period because defendants by certain representations induced them to forego the initiation of these actions.

A defendant may be estopped from pleading the statute of limitations on the ground that representations were made for the purpose of inducing the plaintiff to rely thereon when the plaintiff did in fact so rely on the representations to his injury. *Caianiello* v. *Shatkin,* 78 R. I. 471; *Kenyon* v. *United Electric Rys.,* 51 R. I. 90. In *Caianiello* v. *Shatkin, supra,* this court said at page 476: "* * * it appears that the principle of equitable estoppel is recognized in actions at law in order to stop the running of the statute of limitations as a defense where the particular facts warrant its application. But it also appears that such application requires more than mere inaction or silence by a person who has no obligation to speak or act in the premises. There must be some express representation or other affirmative conduct amounting in fact to such a representation which could reasonably deceive another and induce him to rely thereon to his disadvantage." In other words, if these plaintiffs, by reason of some affirmative conduct on the part of

defendants relied on by them, were induced to allow the period of limitations to run without instituting these actions, they may invoke the doctrine of estoppel.

That being the law, it appears that a plaintiff seeking to avoid the defense of the statute of limitations should have a reasonable opportunity to raise by an appropriate pleading the issue of whether a defendant should be estopped from asserting that defense. Whether error inhered in the denial of plaintiffs' motions to file second replications in the instant cases must turn upon the legal sufficiency of those pleadings to state a case of affirmative conduct upon which plaintiffs reasonably relied when they did not institute these actions before the statute had run. It is our opinion, in other words, that if the allegations contained in the second replications were legally sufficient to withstand demurrer, the denial by the court of leave to file those replications was inconsistent with the rights of plaintiffs.

In the replications which we are here considering, it is alleged, in substance, that defendants induced plaintiffs to rely upon their representations that the commencement of the instant actions for trespass on the case for negligence would not be necessary, as the claims would be settled without a trial of the prior actions of assumpsit; that such representations were made by defendants prior to the expiration of the two-year period within which plaintiffs ordinarily would have been required to bring the instant actions; and that plaintiffs did not commence the instant actions within the statutory period because they relied upon defendants' representations that their claims would be settled. We are of the opinion that the facts thus set out in the second replications are legally sufficient to warrant an application of the doctrine of estoppel to defendants' assertion of the defense of the statute of limitations. Because we reach that conclusion, we are constrained to hold that the action of the superior court in denying the motions of

these plaintiffs for leave to file such replications constituted an abuse of its judicial discretion.

In view of the conclusion which we reach, it is our further opinion that the superior court erred in granting the defendant's motion for entry of judgment on the pleadings in each case. The entry of judgment on the pleadings is not favored by the courts, and pleadings alleged to be defective on such motion will be liberally construed in favor of the pleader. *Evangelista* v. *Public Service Coordinated Transport,* 7 N. J. Super. 164. In such state of the law it is our opinion that when a pleader moves for leave to amend a pleading alleged to be defective in substance and such pleading is reasonably susceptible of being cured by an appropriate amendment, a motion for judgment on the pleadings at that point in the proceedings may not properly be granted. See *National Cash Register Co.* v. *Ansell,* 125 Pa. Super. 309.

The plaintiff's exceptions in each case are sustained, and each case is remitted to the superior court for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiffs.

*Sherwood and Clifford, Raymond E. Jordan, Kirk Hanson, E. Howland Bowen,* for defendants.