Lawrence LABBADIA

v.

STATE of Rhode Island.

84–540–M.P.

Supreme Court of Rhode Island.

July 28, 1986.

Anthony E. Grilli, Providence, for petitioner.

Arlene Violet, Atty. Gen., Madis T. Suvari, Sp. Asst. Atty. Gen., for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us on petition for certiorari as provided by G.L.1956 (1979 Reenactment) §§ 28–35–29 and –30, as amended by P.L.1984, ch. 162, § 1. The petitioner, Lawrence Labbadia (Labbadia), seeks review of a decree of the Workers' Compensation Appellate Commission that affirmed a trial commissioner's decision denying and dismissing Labbadia's petition for workers' compensation benefits on grounds of lack of jurisdiction. We affirm. The facts are as follows.

Labbadia was employed by the State Department of Transportation as a crash-rescue crewmember at T.F. Green Airport. On November 22, 1978, while taking a practice run in a new rescue truck, Labbaddia was knocked unconscious by an explosion. He was brought to a hospital emergency room and was treated for head, neck, and back injuries. Although Labbadia returned to work on a couple of occasions, he was unable to sustain the required activity, and his doctor advised him not to return to work. Labbadia continued to receive paychecks in the amount of his full salary from the date of his injuries until the termination of his employment, which termination became effective on July 11, 1981.[1]

1. Labbadia was terminated by his superiors at the Department of Transportation because he failed to take a required civil service examination. The propriety of this termination was not and could not be raised in this litigation, which deals solely with his claim for workers' compensation benefits.

The chief claims representative of the State Division of Workers' Compensation testified that with the exception of the March 12, 1982 petition for workers' compensation benefits, there were no records in the division's files of any injuries or payments to Labbadia. In addition, the person in charge of payroll for the Department of Transportation testified that Labbadia was paid his full salary from the date of the injury to his termination and that this salary was paid by the department.

Labbadia petitioned for workers' compensation benefits on March 12, 1982. A hearing was held before a trial commissioner, memoranda were submitted, and a written decision was issued. The trial commissioner denied and dismissed Labbadia's petition on the ground that at the time of his injury Labbadia was not covered by the worker's compensation statutes but rather was covered by G.L.1956 (1980 Reenactment) § 45-19-1, a statute that provides full salary for crash-rescue crewmembers who are incapacitated while performing their duties. The Appellate Commission affirmed, and Labbadia petitioned this court for a writ of certiorari. We issued the writ to examine the issues raised by the petition.

Labbadia is seeking workers' compensation benefits from July 11, 1981, the date on which he was terminated from his crash-rescue job. Labbadia argues that he has been erroneously denied benefits. He asserts that even though crash-rescue crewmembers who are injured in the line of duty are provided full salary and other benefits by § 45-19-1, they are also entitled to workers' compensation benefits because they are not expressly excluded by the terms of G.L.1956 (1979 Reenactment) § 28-29-2(b), which defines those employees covered by the Workers' Compensation Act (WCA). He points out that police and firefighters, who are also provided § 45-19-1 benefits, are specifically excluded from the § 28-29-2(b) definition of the term "employee."

The state argues that the Workers' Compensation Commission lacks jurisdiction over a claim filed by a crash-rescue crewmember injured while performing his duties and from the date of the injury to the date of termination, received his full salary for a period of approximately two years and eight months. The state presented testimony at the hearing before the trial commissioner to show that Labbadia had received his checks from the Department of Transportation pursuant to § 45-19-1 and had not filed any reports or claims with the Workers' Compensation Commission or received any benefits from the commission. The state asserts that when the Legislature amended § 45-19-1 to include crash-rescue members, it impliedly excluded crash-rescue crewmembers from the WCA.

■ The Workers' Compensation Commission does not have jurisdiction to hear a claim unless the petitioner is an employee as defined in § 28-29-2(b), which states in part: " '[E]mployee' means any person who has entered into the employment of or works under contract of service or apprenticeship with any employer * * * . It shall not include * * * the members of the regularly organized fire and police departments of any town or city * * *." When the WCA was first enacted, police officers, firefighters, and crash-rescue crewmembers were not excluded from the definition of "employee." *See* P.L.1912, ch. 831, art. 5, § 1. Police officers and firefighters were excluded from the WCA by P.L.1917, ch. 1534, § 5. In 1944 the precursor to § 45-19-1 was enacted by P.L.1944, ch. 1479, which required cities and towns to pay police officers who were incapacitated during the course of performing their duties, their full salary for the duration of the incapacity. Firefighters were added to this statute by P.L.1952, ch. 2915, § 1, and crash-rescue crewmembers were added by P.L.1972, ch. 212, § 1. Thus fifty-five years after the Legislature excluded police officers and firefighters from the definition of "employee," crash-rescue crewmembers were given benefits under § 45-19-1 but were not ex-

plicitly excluded from the WCA's definition of "employee."

Section 45–19–1 provides in part:

"Salary payment during line of duty illness or injury.—Whenever any police officer, fireman or crash rescue crewman of any city, town or the state of Rhode Island shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his duties, the respective city, town or state of Rhode Island by which said police officer, fireman or crash rescue crewman is employed shall, during the period of such incapacity, pay such police officer, fireman or crash rescue crewman the salary or wage to which the said police officer, fireman or crash rescue crewman would be entitled had he not been so incapacitated, and in addition thereto shall pay such medical, surgical, dental, optical, or other attendance or treatment, nurses and hospital services, medicines, crutches and apparatus for such period as is necessary, except that if any said city, town or the state of Rhode Island shall provide said police officer, fireman or crash rescue crewman with insurance coverage for the above related treatment, services, or equipment, then said city, town or the state of Rhode Island shall only be obligated to pay the difference between the maximum amount allowable under said insurance coverage and the actual cost of said treatment, service or equipment.

"As used in this section, the term 'crash rescue crewman' shall mean and include any chief or other member of the Emergency Crash Rescue Section, Division of Airports, Department of Transportation of the State of Rhode Island regularly employed at a fixed salary or wage."

This provision gives police officers, firefighters, and crash-rescue crewmembers greater rights than they would have under either common law (where, for instance, they would have to show fault on the part of the employer as well as overcome cer-tain defenses) or the WCA (where, even though the employee is relieved from proving fault, the employee receives only the percentage of salary provided in G.L.1956 (1979 Reenactment) § 28–33–17).

In deciding whether the inclusion of crash-rescue crewmembers in § 45–19–1 excluded them from the jurisdiction of the Workers' Compensation Commission, we are mindful that our duty is to determine and effectuate the legislative intent underlying these statutes. *See, e.g., State v. Delaurier,* 488 A.2d 688, 693 (R.I.1985); *Berkshire Cablevision of Rhode Island v. Burke,* 488 A.2d 676, 679 (R.I.1985).

The WCA was enacted to provide a no-fault mechanism to create employee benefits for job-related injuries. *Volpe v. Stillman White Co.,* 415 A.2d 1034, 1035 (R.I.1980). In exchange for their more cumbersome and often ineffective common-law remedies, employees are entitled to benefits for work-related injuries without proving fault and are also provided a procedure for claiming entitlement to benefits that is less costly and more expeditious. To effectuate this goal, the WCA generally provides the exclusive right and remedy for injured employees. *Hornsby v. Southland Corp.,* 487 A.2d 1069 (R.I.1985); *Cacchillo v. H. Leach Machinery Co.,* 111 R.I. 593, 305 A.2d 541 (1973). The Legislature has specifically established the WCA as the sole remedial avenue by enacting §§ 28–29–17 and –20, which provide that the right to compensation under the WCA is in lieu of all other rights and remedies.

Section 45–19–1 was intended to provide greater work-related-injury benefits to certain public employees whose jobs require them to serve the state or its municipalities, often in dangerous situations. When the Legislature added crash-rescue crewmembers to the list of those covered by § 45–19–1, it enhanced the rights and remedies of crash-rescue crewmembers injured in the line of duty. At the same time, because we must presume that the Legislature was aware of the exclusivity

**22**

provisions of the WCA, *see Narragansett Food Services, Inc. v. Rhode Island Department of Labor,* 420 A.2d 805, 808 (R.I. 1980), we are of the opinion that the Legislature impliedly excluded crash-rescue crewmembers from the WCA. If this were not so, crash-rescue crewmembers would be entitled to benefits under both the WCA and § 45–19–1. Such a result would be in direct conflict with the exclusivity-of-rights-and-remedies provisions of the WCA and with the clear legislative intent and policy behind the WCA.

■ Labbadia, however, asserts that the Legislature should have explicitly excluded crash-rescue crewmembers from the definition of "employee" in § 28–29–2(b) as it did for police officers and firefighters. He argues that without such exclusion we must find that he is entitled to workers' compensation benefits. It is true that definitions should usually be given their ordinary meaning and should usually be strictly construed. *Delaurier,* 488 A.2d at 693. However, as was pointed out in *Delaurier,* "[i]f a mechanical application of a statutory definition produces an absurd result or defeats legislative intent, this court will look beyond mere semantics and give effect to the purpose of the act." *Id.* at 694; *see also City of Warwick v. Aptt,* 497 A.2d 721, 724 (R.I.1985). We should also point out that § 28–29–2 begins by stating that the definitions that follow will apply "unless the context otherwise requires." A reading of the WCA, as a whole, leads us to conclude that the Legislature has clearly expressed its intent to make this statutory edifice the exclusive remedy whenever it is applicable. Consequently, we conclude that the granting of benefits under § 45–19–1 by clear implication excluded crash-rescue crewmembers from eligibility from workers' compensation remedies.

■ In view of the clear enunciation of the Legislature's intent to make the WCA the exclusive remedy whenever applicable and their decision in § 45–19–1 to provide greater benefits to crash-rescue crewmembers, we hold that a crash-rescue crew-

member who is injured while performing his duties is excluded from the WCA definition of "employee," and therefore, the Workers' Compensation Commission is without jurisdiction to hear such a claim. Any action by Labbadia concerning any available benefits for his work-related injury would be governed by § 45–19–1.

For the reasons stated, the petition for certiorari is denied, the writ heretofore issued is quashed, and the matter is remanded to the Appellate Commission with our decision endorsed thereon.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.