DECISION
On August 22, 1995, the Rhode Island Personnel Appeal Board (Board) issued a decision denying and dismissing Michael B. Fines' (appellant's) appeal of his termination as Chief Legal Counsel and Assistant Director of the Rhode Island Department of Business Regulation (DBR). From that determination, the appellant filed a timely appeal to this Court pursuant to G.L. 1956 §42-35-1 et. seq. Jurisdiction in this Court is under color of G.L. 1956 § 42-35-15.
Facts/Travel
Michael B. Fines (appellant) was employed as the Chief Legal Counsel and Associate Director for the Rhode Island Department of Business Regulation. See Appellant's Affidavit at Paragraph 12. On January 5, 1995, a letter from the new Director of DBR, Barry G. Hittner, was hand-delivered to the appellant terminating his services as Chief Legal Counsel and Associate Director. The appellant appealed his termination to the Rhode Island Personnel Appeal Board by letter dated February 8, 1995. See Appellee's Exhibit B. The Board denied and dismissed the appellant's appeal since it was not timely filed pursuant to G.L. 1956 §36-4-42. See Appellee's Exhibit C. The appellant urged the Board to reconsider its decision since the January 5, 1995 letter of termination was hand-delivered rather than mailed. The appellant further argued that the termination letter failed to set forth a reason for dismissal pursuant to G.L. 1956 § 36-4-38; however, the Board declined to alter its decision of August 22, 1995. See August 25, 1995 letter to Personnel Appeal Board; September 5, 1995 letter to Personnel Appeal Board; and September 12, 1995 letter to Michael B. Fines, Esq. The instant, timely appeal was filed on September 20, 1995.
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15 (g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v.Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island PublicTelecommunications Authority, et al. v. Rhode Island LaborRelations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
The Agency Decision
The appellant argues that the Board's decision was made in violation of the statutory provision, in excess of statutory authority and is affected by error of law. Specifically, the appellant contends that the requisite notice of termination was improper because it was hand-delivered rather than mailed and it failed to state a reason for the appellant's dismissal pursuant to G.L. § 36-4-38. In addition, appellant asserts that the January 5, 1995 letter that was hand-delivered should not have commenced the thirty day period under G.L. 1956 § 36-4-42 but rather the Termination Action Form bearing a date of preparation of January 31, 1995 should have commenced the thirty day period under G.L. 1956 § 36-4-42. The appellant also contends that as Chief Legal Counsel and Assistant Director of DBR he holds a classified position in Rhode Island state government. This Court does not agree.
In pertinent part, G.L. 1956 § 36-4-42 provides the following:
 36-4-42. Appeal from appointing authority to appeal board.
 — "Any state employee with provisional, probationary, or permanent status who feels aggrieved by an action of an appointing authority resulting in a demotion, suspension, layoff, or dismissal or by any personnel action which an appointing authority might take which causes the person to believe that he or she had been discriminated against because of his or her race, sex, age, handicap, or his or her political or religious beliefs, may, within thirty (30) calendar days of the mailing of the notice of that action, appeal in writing to the personnel appeal board for a review or public hearing."
This Court also notes that G.L. 1956 § 36-4-2 (r) specifically states that "members of the Rhode Island bar occupying a position in state service as legal counsel to any appointing authority" shall constitute part of the unclassified service.[1] Although the appellant asserts that he was told that the position of Chief Counsel was a classified, noncompetitive position, the language of the statute clearly states otherwise. Accordingly, this Court finds that the appellant served as an unclassified employee who is not subject to the provisions of G.L. 1956 §§ 36-4-38 or 36-4-42. In making this determination, the Court relies upon the well-settled principle of statutory construction by which one must ascertain and give effect to the intent of the Legislature. Labbadia v.State, 513 A.2d 18, 21 (R.I. 1986). Furthermore, the Rhode Island Supreme Court has recently held that the appeal board has no jurisdiction over non-classified employees. See Rhode IslandBoard of Governors for Higher Education v. Jeffrey M. Newman, etal, No. 94-737-A, Slip Op. at 6 (R.I. filed February 17, 1997). Thus, as a member of the Rhode Island bar occupying a position in the state service as legal counsel for DBR, the appellant was an unclassified employee who is not subject to G.L. 1956 §§36-4-38 or 36-4-42.
Accordingly, this appeal is dismissed because of lack of jurisdiction; Title 36 does not apply to nonclassified employees, and thus appellant in the instant case is not subject to G.L. 1956 §§ 36-4-38 or 36-4-42.
Counsel shall prepare an appropriate judgment for entry.
[1] Positions in the state government of Rhode Island are categorized by statute as classified, unclassified, and nonclassified. General Laws 1956 § 36-4-2 provides that classified positions include all those not specifically denoted as unclassified positions by § 36-4-2 or "heretofore or hereinafter specifically exempted by legislative act."