### In re JASON O.

### No. 97–130 Appeal.

Supreme Court of Rhode Island.

Oct. 30, 1997.

Aaron Weisman, Andrea J. Mendes, Providence.

Edward P. Nolan, Jr., Providence.

### ORDER

This case came before the Supreme Court on October 15, 1997, pursuant to an order directing all parties to appear and show cause why the issues raised in the respondent's petition for certiorari should not be summarily decided. Respondent requests this Court to review the trial justice's grant of the state's motion to waive Family Court jurisdiction pursuant to G.L. 1956 § 14–1–7.

After reviewing the parties' briefs and hearing oral arguments thereon, we conclude that cause has not been shown and will proceed to summarily decide the issues raised.

On August 22, 1996, Jason O. (respondent) was arraigned in the Family Court on one count of arson in the second degree in violation of G.L. 1956 § 11–4–3 for the burning of a warehouse in the town of Woonsocket. Immediately following his arraignment, respondent feigned full cooperation with the state's investigation of the arson. He informed the state that one Joseph Paquette was actually responsible for the burning of the warehouse. Relying upon respondent's representations, the state proceeded to detain Joseph Paquette and filed a motion in Family Court for waiver of jurisdiction in order to try him as

an adult. In the meantime, respondent was released on home confinement.

In early October, 1996, the state learned that respondent had intentionally misled and lied to the state investigators in order to avenge past personal insults by Joseph Paquette. In fact, respondent was solely responsible for the arson charged. On October 11, 1996, the state filed a motion in Family Court seeking waiver of jurisdiction over respondent so that he could be tried as an adult for the crime of arson in the second degree.

Pursuant to G.L. 1956 § 14–1–7(d), a motion for waiver of Family Court jurisdiction must ordinarily be made within 30 days of a minor's arraignment. In this case, the motion for waiver was not made until after that 30–day period had lapsed. Despite that time lapse, however, the trial justice granted the state's motion for waiver because the state had been induced by respondent's intentional falsehoods into allowing the 30–day period to lapse. We granted the respondent's petition for writ of certiorari on June 18, 1997.

If the respondent in this case is permitted to invoke the 30–day time limitation of G.L. 1956 § 14–1–7(d), the state's motion for waiver must necessarily fail. The date of his arraignment was August 22, 1996, and the state's motion for waiver was not filed until October 11th, 1996. On the facts presented, however, this Court concludes that the respondent should not be allowed to seek shelter beneath the 30–day statutory time limit. Instead, we find that he is equitably estopped from asserting the limitation of G.L. 1956 § 14–7–1(d) to defeat the state's motion for waiver.

In *Wolf v. S.H. Wintman Co.*, 92 R.I. 470, 169 A.2d 903 (R.I.1961), this Court found one may be estopped from asserting a statutory time limit when the opposing party has been induced by express representation into allowing that time limit to expire. See, *Shea v. Gamco, Inc.*, 81 R.I. 12, 17–18, 98 A.2d 864, 867 (1953). That is the case here.

For the foregoing reason, we deny and dismiss the petition for certiorari and affirm the judgment of the Family Court. The writ heretofore issued is hereby quashed, and we

remand the papers in this case to the Family Court.