Dennis ANGELL

v.

### The UNION FIRE DISTRICT OF SOUTH KINGSTOWN, et al.

### No. 2006–313–Appeal.

Supreme Court of Rhode Island.

Dec. 6, 2007.

Kelly M. Fracassa, Westerly, Esq., for Plaintiff.

Peter E. Garvey, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

In this negligence action, the plaintiff, Dennis Angell (plaintiff), appeals an order granting a motion for summary judgment filed by the defendants, The Union Fire District of South Kingstown (Fire District) and Peter Holland (collectively defendants). This case came before the Supreme Court for oral argument on October 30, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth below, we reverse the judgment of the Superior Court.

## I

### Facts and Travel

The plaintiff was a volunteer member of the Fire District at the time of the incident that is the subject of this negligence action. During a training exercise on May 30, 2001, a representative of the Fire District instructed plaintiff to dump gasoline from a foam cup near a fire. The resulting fire burned plaintiff's hand and wrist. The plaintiff required emergency medical care and continuing physical therapy for the injuries he suffered at the time of the accident. After the training incident, plaintiff filed a claim under an insurance policy provided by the Fire District through Bankers Life and Casualty Company.

A little less than three years after the accident, plaintiff filed the instant suit in Superior Court, alleging that defendants negligently supervised the training exer-

cise, thereby causing plaintiff's injuries. The parties commenced discovery and prepared for trial in the Superior Court, but before the trial started, defendants moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.

The defendants argued that G.L.1956 § 45–19–1, known as the "injured on duty statute" (IOD), was plaintiff's exclusive remedy against the Fire District for injuries suffered while training as a volunteer firefighter. In response, plaintiff argued that the IOD statute applies only to paid employees of the Fire District and not volunteer firefighters. The motion justice heard arguments on defendants' summary-judgment motion on June 19, 2006, and subsequently entered an order granting defendants' motion. The plaintiff timely appealed.

## II

### Analysis

On appeal, plaintiff argues that the motion justice erred by granting defendants' summary-judgment motion. The plaintiff supports his argument by contending that a careful reading of the IOD statute reveals that it covers only firefighters "employed" by the Fire District and not unpaid volunteer firefighters. In response, defendants counter that plaintiff's reliance on the term "employed" in the IOD statute is misplaced, and that the IOD statute is broad enough to include volunteer firefighters, as well as paid firefighters.

### A

#### Standard of Review

"This Court reviews a grant of summary judgment *de novo,* applying the same standards as the motion justice." *Smiler v. Napolitano,* 911 A.2d 1035, 1038 (R.I.2006) (citing *Andreoni v. Ainsworth,*

898 A.2d 1240, 1241 (R.I.2006)). Summary judgment is proper if no genuine issues of material fact are evident from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any * * *." Super. R. Civ. P. 56(c). We "will affirm the judgment only if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that * * * the moving party is entitled to judgment as a matter of law." *Tanner v. Town Council of East Greenwich,* 880 A.2d 784, 791 (R.I. 2005) (citing *Roe v. Gelineau,* 794 A.2d 476, 481 (R.I.2002)).

### B

#### Interpretation of G.L.1956 § 45–19–1

To properly review the motion justice's order granting the summary-judgment motion, this Court must determine first whether the language of Rhode Island's IOD statute extends an exclusive remedy to volunteer firefighters. *See Kaya v. Partington,* 681 A.2d 256, 259 (R.I.1996) ("[The IOD statute] is a mandatory compensation act and must be complied with as the exclusive remedy provided to police officers who become ill or injured in the line of duty."); *Labbadia v. State of Rhode Island,* 513 A.2d 18, 21–22 (R.I.1986) (applying the IOD statute as the exclusive remedy for "crash rescue" personnel). If the IOD statute applies to volunteer firefighters, then plaintiff is precluded from bringing a negligence action against defendants *for injuries he suffered while on* duty and the motion for summary judgment against plaintiff was properly granted. *See Labbadia,* 513 A.2d at 21–22. If, on the other hand, the IOD statute does not cover volunteer firefighters, then the motion for summary judgment was improper and the negligence suit should proceed on the merits.

■■■■ It is well established that when this Court interprets a statute, "our ultimate goal is to give effect to the General Assembly's intent. * * * The best evidence of such intent can be found in the plain language used in the statute." *Martone v. Johnston School Committee*, 824 A.2d 426, 431 (R.I.2003). " 'When the language of a statute is clear and unambiguous, we must enforce the statute as written by giving the words of the statute their plain and ordinary meaning.' " *State v. Menard*, 888 A.2d 57, 60 (R.I.2005) (quoting *Gem Plumbing & Heating Co. v. Rossi*, 867 A.2d 796, 811 (R.I.2005)). Accordingly, when a statute is unambiguous on its face we do not search behind the language to determine legislative intent. *Ruggiero v. City of Providence*, 893 A.2d 235, 237 (R.I.2006). If, however, statutory language is susceptible to more than one meaning, then "legislative intent must be gathered from the entire statute and not from an isolated provision." *State v. Caprio*, 477 A.2d 67, 70 (R.I.1984).

The relevant portion of the IOD statute is as follows:

"(a) Whenever any * * * *fire fighter* * * * is wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties, the respective * * * fire district * * * by which the * * * fire fighter * * * is *employed,* shall during the period of the incapacity, pay the * * * fire fighter, * * * the salary or wage and benefits to which the * * * fire fighter, * * * would be entitled had he or she not been incapacitated, and shall pay the medical, surgical, dental, optical, or other attendance, or treatment, nurses, and hospital services, medicines, crutches, and apparatus for the necessary period, except that if any * * * fire district * * * provides the * * * fire fighter, * * * with insurance coverage for the related treatment, services, or equipment, then the * * * fire district * * * is only obligated to pay the difference between the maximum amount allowable under the insurance coverage and the actual cost of the treatment, service, or equipment.

" * * *

"(c) As used in this section, 'fire fighter' means and includes any chief or other member of the fire department or rescue personnel of any city, town, or fire district, and any person employed as a member of the fire department of the town of North Smithfield, or fire department or district in any city or town." Sections 45–19–1(a) and (c) (emphases added).

Looking first to the plain language of the statute, the parties agree that the definition of "fire fighter" within the IOD statute is broad enough to include volunteer firefighters. *See* § 45–19–1(c) ("any chief or other member of the fire department"). The plaintiff argues, however, that the specific portion of the IOD statute that describes the benefits afforded to injured firefighters limits those benefits to *paid* firefighters only. Section 45–19–1(a). The plaintiff asserts that, because § 45–19–1(a) refers to the obligation of a fire district "by which the * * * [injured] fire fighter * * * is *employed,*" only paid firefighters are entitled to benefits under the IOD statute. *Id.* (Emphasis added.) The plaintiff's argument relies on a definition of the word "employed" in this context that entails payment for services.

The resolution of this case, therefore, rests in large part on the definition of "employed" as it is used in Rhode Island's IOD statute. The plain and ordinary definition of "employ" in the context of the workplace is "[t]o engage the services of; put to work." The American Heritage Dictionary 586 (4th ed.2000). Outside the

workplace, "employ" may have a broader definition that includes a broad sense of "use." For instance, one may employ language wisely and arguments tactically or a person may employ his time assiduously. In the workplace, however, the essence of the employment implies a specific relationship. In the workplace, one is employed for wages or salary. The American Heritage Dictionary's definition of "employee" is "[a] person who works for another in return for financial or other compensation." *Id.*

However, even if this Court were unable to determine the meaning of the word "employ" as it is used in the IOD statute, defendants' broad interpretation still would be inappropriate. We need not look beyond the statute to clarify possible ambiguity because "legislative intent must be gathered from the entire statute and not from an isolated provision." *Caprio,* 477 A.2d at 70. In our circumscribed role as statutory interpreters, we must look to the broader statutory landscape to overcome ambiguity. *See In re Brown,* 903 A.2d 147, 149 (R.I.2006) ("When performing our duty of statutory interpretation, this Court 'consider[s] the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" (quoting *Sorenson v. Colibri Corp.,* 650 A.2d 125, 128 (R.I. 1994)).

In this case, several provisions in chapter 19 of title 45 relate to volunteer firefighters, explicitly including or excluding them. *See* § 45–19–4.1(b) (excluding "auxiliary and volunteer police officers"); § 45–19–4.2(b) (excluding "auxiliary and volunteer police officers"); § 45–19–9 (titled in part "Relief to volunteer fire fighters injured in line of duty"); § 45–19–10(a) (including "[a]ll call fire fighters, volunteers, and all others"); § 45–19–12.2 (including "deceased auxiliary and volunteer fire fighters"); § 45–19–12.3(b) (includes in definition of "'members of fire force:'" "auxiliary and volunteer fire fighters and crash rescue crew persons"); G.L.1956 § 45–19.1–2 (defining "fire fighter" as "paid or volunteer").

■ Furthermore, the structure of the IOD statute makes it clear that the Legislature can and has included separate provisions for volunteer firefighters as it deems necessary. *Compare* § 45–19–12 ("[a]nnuities to dependants of deceased fire fighters") *with* § 45–19–12.2 ("[a]nnuities to dependents of deceased auxiliary and volunteer fire fighters"). Although the IOD statutory scheme might benefit greatly from a careful redrafting to express a more uniform policy towards volunteer firefighters, we must leave that laudable task to the General Assembly. Our limited role is to apply the canons of statutory construction to interpret the IOD statute as written. It is our conclusion that the IOD statute as written does not encompass volunteer firefighters in its general benefits provision in § 45–19–1.

Having reviewed the facts of this case in a light most favorable to the plaintiff, and in view of the plain language of the IOD statute, we conclude that the motion justice erred in granting the defendants' motion for summary judgment. The plaintiff is a volunteer firefighter and thus not covered by the IOD statute, and as such he is *not* limited to the IOD as his exclusive remedy for injuries suffered in the line of duty. *See Kaya,* 681 A.2d at 256. The plaintiff therefore is entitled to pursue his tort claims against the defendants. It is therefore our conclusion that the defendants' summary-judgment motion should not have been granted by the motion justice.

## Conclusion

For the reasons stated herein, we reverse the judgment of the Superior Court granting the defendants' summary-judgment motion. The record shall be remanded to the Superior Court for proceedings consistent with this decision.