DECISION
Appellant Lillian Rivera ("Rivera") appeals from a decision of the Board of the Employees' Retirement System of Rhode Island ("Board" or "ERSRI"). The Board's decision affirmed the Executive Director's action denying Appellant's application for an accidental disability pension based upon post-traumatic stress disorder and anxiety disorder. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 I Facts and Travel
Appellant is a sergeant with the Cranston Police Department and has over eleven years and ten months of service credit. On September 17, 2007, she applied for accidental disability as a result of post-traumatic stress disorder and anxiety disorder.
Several physicians submitted statements as evidence. The statement of her physician, Richard Delsesto, M.D. ("Dr. Delsesto") explained that her anxiety, depression and panic attacks are caused by her job and prohibit her from performing the duties of a police officer. (ERSRI Record, Ex. 3. Applicant's Physician's Statement for Disability *Page 2 
from Richard M. DelSesto, M.D. with attachment, Sept. 12, 2007 ("Ex. 3")). He further stated that light duty work "may be feasible" but "not overly practical given her current medical situation." Therefore, he explained that her anxiety, depression, and panic attacks constituted "a permanent and total disability associated with work." Id.
Dr. Delsesto stated that despite medications and therapy, Appellant's symptoms have increased; therefore, she must make a career change to be treated fully and completely. Id.
Appellant's psychiatrist also submitted a statement for disability in which he stated with a reasonable degree of medical certainty that her diagnoses are work related. (ERSRI Record, Ex. 4, Applicant's Physician's Statement of Disability from David Kroessler, M.D. with attachments, Sept. 13, 2008 ("Ex. 4")). He therefore found that she needs to change occupations and cannot work light duty for the police department. Id.
James K. Sullivan, M.D. . ("Dr. Sullivan") also submitted a segment regarding Appellant's health. His clinical opinion is "That [Appellant] is totally disabled regarding her ability to perform the duties associated with any type of full-time employment." (ERSRI Record, Ex. 11 Independent Medical Examination Report of James K. Sullivan M.D., October 27, 2007 (Ex. 11)) He found that within a reasonable degree of medical certainty that Appellant's depression and panic is work related and that there is no other event that has contributed to the disability.Id.
Ronald Mark Stewart, M.D., a consultant in psychiatry, another independent medical examiner, found that Appellant could not perform any of the duties required of a police officer and could pose a danger to herself, co-workers, and members of the community if she returned to work. (ERSRI Record, Ex. 12, Independent Medical *Page 3 
Examination Report of Ronald M. Stewart, M.D., Oct. 29, 2007 ("Ex. 12")). He found that her disability was caused by "job related personal injury in the form of harassment, verbal abuse, and demeaning behaviors" toward her, but that she could find another type of employment.Id.
Thomas Paolino, M.D. found with a reasonable degree of medical certainty, Appellant "is totally disabled from performing the demands of her employment duties as a police officer or from performing any other, alternative employment position at this time." (ESRI Record, Ex. 13, Independent Medical Examination Report of Thomas Paolino, M.D., Nov. 29, 2007 p. 9).
The record reflects that Appellant experienced episodes of anxiety on at least two occasions. The injured on duty report for these incidents, states that she suffers from a condition caused by stress in the workplace as a result of previous harassment from a Captain. (ERSRI Record, Ex. 7, Injured on Duty Report, Aug. 1, 2005 ("Ex. 7"))
On January 18, 2008, ERSRI notified Appellant of the Retirement Board's decision denying her application. (ERSRI Record Ex. 14, Notice of Denial to Appellant, Jan., . 2008 (Ex. 14)). This denial was based on the Disability Subcommittee's ("Subcommittee") recommendation of denial after reviewing the physician reports and other documentation. Id. In its decision, the Subcommittee found that to qualify for an Accidental Disability Pension, Appellant must meet the requirements in G.L. 1956 § 45-21.2-9.Id. It then found that the she was not physically or mentally incapacitated for further service as a result of an injury sustained while in the performance of duty under § 45-21.2-9 because "[n]one of the five doctors who examined [her] was able to identify a specific work-related event that caused [her] to be disabled from service." It found that *Page 4 
the "multiple stressors at work" which included ongoing conditions of employment were not sufficient under the statute because the statute required a specific and identifiable event in order for an employee to receive an accidental disability pension.
Appellant then filed a timely appeal to the Subcommittee in opposition to the denial of her accidental disability application. On March 7, 2008, the Subcommittee held a hearing. (ERSRI Ex. 16, Transcript of Disability Subcommittee Hearing March 7, 2008 ("Ex. 16")). During this hearing, the Board clarified any issues it had with Appellant's application. The Subcommittee explained that it would make a recommendation for a Retirement Board's final decision.
Following this hearing, the Board voted to deny her application for accidental disability pension on March 12, 2008. (ERSRI Record Ex. 17, Retirement Board Decision, April 16, 2008 ("Ex. 17")). The notice to Appellant stated that the Board's decision was based on the recommendation of the Subcommittee. In its recommendation, the Subcommittee reaffirmed its decision that Appellant was not entitled to accidental disability retirement because her injury was caused by "multiple stressors at work" rather than a specific and identifiable event causing a work-related injury, as required by § 42-21.2-9. Id. The Board notified Appellant that the matter was to be presented to the Retirement Board for a final determination at the May 14, 2008 Board Meeting and that she may present argument supporting her position at that meeting.Id.
On May 18, 2008, an attorney representing the City of Cranston submitted a letter to ERSRI advocating on behalf of the City of Cranston that Appellant's application be approved. (ERSRI Ex. 28, Letter of Attorney Frederic A. Marzilli May 8, 2008 ("Ex. 28")). At the hearing, Appellant's attorney made argument against the Subcommittee's *Page 5 
position that Appellant's disability did not arise from a specific and identifiable event. (ERSRI Record ex. 29, Transcript of Hearing before Retirement Board May 14, 2008) "Ex. 29")). After argument, one member of the Board recused himself. The rest of the Board voted unanimously in favor of upholding the Subcommittee's recommendation to deny Appellant's application. Id. at 28-30.
Upon denial, the Chairman of the Board addressed Appellant and her counsel, stating the following:
 "[Y]ou will get official notification from the System informing you of the vote that just took place. Should you not agree with this decision of the Retirement Board, you may seek judicial review by filing a complaint with the Rhode Island Superior Court within 30 days of receipt of that notice." Id. at 30.
On May 19, 2008, Frank J. Karpinski, ERSRI Executive Director ("ERSRI Executive Director"), mailed Appellant her notice of denial which stated that "this letter has been mailed to you Certified Mail, and we will begin the thirty-day requirement from the date the U.S. Post Office indicates the letter was received by you." (ERSRI Ex. 30, Notice of Denial May 19, 2008 ("Ex. 30.")) Attached to this letter was the Notice of Right to Judicial Review. This notice stated that "[p]ursuant to Rhode Island General Laws § 42-35-15 you have thirty (30) days from the date of the mailing of this decision to file an appeal." Id. Appellant received the letter from her post office on May 29, 2008. (Appellant Ex. A, Affidavit of Lillian Rivera Aug. 26, 2010.) Attorney for the Appellant, *Page 6 
Catherine Sammartino, [1] was sent a carbon copy of the May 29, 2008 letter to her Providence office. Id.
On June 27, 2008, Appellant filed her appeal with this Court.
On appeal, Appellant argues that ERSRI's interpretation of § 42-21.2-9 unduly narrowed the statute by requiring a "single" specific work-related event causing the disability. Additionally, Appellant argues that ERSRI failed to consider the possibility of the aggravation of a prior injury. Furthermore, Appellant avers that ERSRI's requirement that a physician identify a specific work-related event is erroneous because that information is not requested on the ERSRI physician forms.
In response, ERSRI argues that this Court lacks jurisdiction over the matter because it was filed over thirty days from the date of mailing. ERSRI further maintains that its interpretation requiring a specific and identifiable event was consistent with § 42-21.2-9. Finally, ERSRI contends that the physician statements are merely to confirm the testimony of the applicant and, in this case, ERSRI argues that Appellant could not point to a specific and identifiable event.
 II Standard of Review
The Superior Court's review of the decision of an administrative agency is governed by the Administrative Procedures Act ("APA"), § 42-35-1, et seq.Iselin v. Retirement Bd. of Employees' Retirement Sys. of R.I.,943 A.2d 1045, 1048 (R.I. 2008) (citing Rossi v. Employees'Retirement Sys. of R.I.,895 A.2d 106, 109 (R.I. 2006)). Section 42-35-15(g) of the APA states: *Page 7 
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In reviewing an agency decision, this Court is limited to an examination of the certified record in deciding whether the agency's decision is supported by substantial evidence. Center forBehavioral Health, R.I., Inc. v. Barros,710 A.2d 680, 684 (R.I. 1998) (citations omitted). Substantial evidence has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means more than a scintilla but less than preponderance." WayneDistrib. Co. v. Rhode Island Comm'n for Human Rights,673 A.2d 457, 459 (R.I. 1996) (citing Newport ShipyardInc. v. Rhode Island Comm'n for Human Rights,484 A.2d 893, 896 (R.I. 1994)). This Court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Interstate Navigation Co. v. Division ofPub. Utils. Carriers of R.I.,824 A.2d 1282, 1286 (R.I. 2003) (citations omitted). Thus, "if `competent evidence exists in the record, the Superior Court is required to uphold the agency's conclusions.'" Autobody Ass'nof R.I. v. Rhode Island Dep't of Bus. Regulation, et al.,996 A.2d 91, 95 (R.I. 2010) (quoting Rhode Island Pub.Telecommunications Auth. v. Rhode Island State Labor RelationsBd., 650 A.2d 479, 485 (R.I. 1994)). *Page 8 
ERSRI uses a two-tier review process in which a hearing officer hears grievances and then issues a written decision that is submitted to the Retirement Board. The Board considers the decision, as well as any further briefs, and subsequently renders its own decision. ERSRI Reg. § 10.00(a). This two-tier system is similar to a funnel. Environmental Scientific Corp. v. Durfee,621 A.2d 200, 207-07 (R.I. 1993). At the first level of review, the hearing officer "sits as if at the mouth of the funnel" and analyzes the evidence, issues, and live testimony. Id. At the second level of review, the "discharge end" of the funnel, the Board generally considers evidence that the hearing officer received first-hand. Id. Our Supreme Court has held, therefore, that the "further away from the mouth of the funnel that an administrative official is . . . the more deference should be owed to the fact finder." Id. Determinations of credibility by the hearing officer, for example, should not be disturbed unless they are "clearly wrong." Id. at 206.
 III Analysis A Jurisdiction under § 42-35-15
ERSRI contends that this Court lacks jurisdiction over the matter because Appellant filed her complaint in Superior Court over thirty days from the mailing of notice as required by § 42-35-15(b). ERSRI argues that the final decision was mailed to Appellant on May 19, 2009 and therefore, she had until June 18, 2008 to file a complaint with this Court. Accordingly, ERSRI maintains that her complaint was filed out of time because it was filed on June 27, 2008. Appellant responds that ERSRI's interpretation of the phrase "mailing notice" in § 42-35-15(b) would lead to absurd and unjust results because, for example, a recipient could be unavailable or a significant delay may result from the "unreliable nature of the U.S. Mail in Rhode Island." P./Appellant's Reply *Page 9 
Mem. 3. Therefore, Appellant argues, the interpretation of "mailing notice" to begin the filing period upon receipt ensures fairness and certainty of due process.
Section 45-24-15(b) requires proceedings for administrative review to be instituted "by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose . . . within thirty (30) days after mailing notice of the final decision of the agency." As this Court's jurisdiction over agency appeals "may be provided by law," it will lack jurisdiction over untimely filed administrative appeals.See G.L. 1956 § 8-2-17; see also Pizzi v. RhodeIsland State Labor Relations Bd.,857 A.2d 762, 764 (R.I. 2004) (per curiam) (finding that the Rules of Civil Procedure provide that "with respect to Superior Court claims seeking review of agency decisions, `[t]he time within which review may be sought shall be provided by law'" (quoting Super. R. Civ. P. 80) (alteration in original)). Accordingly, a failure to file a complaint within thirty days after mailing notice pursuant to § 45-24-15(b) prohibits relief in this Court. See Pizzi, 857 A.2d at 764; American NursingCtrs., Inc. v. Norberg, 439 A.2d 249, 253 (R.I. 1983); seealso 3 Charles H. Koch, Jr. Administrative Law andPractice § 8:24 (3d 2010) (explaining that failing to meet the filing deadline "constitutes a bar to action filed after that date" and that "the court may have no jurisdiction" over such a matter).
This statutory deadline cannot be altered or expanded by this Court. 3 Koch, at § 8:24. This requirement enforces the legislative intent of the APA: "to provide one uniform method and time schedule for the purpose of taking an administrative appeal in a contested case." Considine v. Rhode Island Dep't of Transportation,564 A.2d 1343, 1344 (R.I. 1989) (citing Herald Press,Inc. v. Norberg,122 R.I. 264, 270-71, 405 A.2d 1171, 1175-76 (1979)); *Page 10 see also Great American Nursing Ctrs., Inc.,439 A.2d at 252 (finding that when the APA was passed "a need existed for `a uniform and consistent approach to the problems created by the increasing number and expanding jurisdictions of state administrative agencies'" (quoting New England Telephoneand Telegraph Co. v. Fascio,105 R.I. 711, 715, 254 A.2d 758, 761 (1969))).
Therefore, as a threshold matter, this Court must determine whether Appellant filed her complaint with this Court in a timely matter. Appellant did not timely appeal this matter because she filed her complaint in Superior Court on June 27, 2008 more than thirty days after the mailing of notice on May 19, 2008.See § 42-35-15(b). Accordingly, at first blush, this Court lacks jurisdiction over this matter. See Pizzi,857 A.2d at 764; American Nursing Ctrs., Inc. v. Norberg,439 A.2d 249, 253 (R.I. 1983); 3 Koch, at § 8:24. This Court will nevertheless address Appellants arguments on this jurisdictional bar to relief.
 1 Statutory Language of § 42-35-15(b)
Appellant contends that the language "mailing notice" in § 42-35-15(b) is ambiguous because it lends itself to several interpretations, some which lead to absurd unjust results. In response, ERSRI maintains that the statute is clear and unambiguous that an appellant must file its complaint with the Superior Court within thirty days of mailing notice.
It is an established principle that "when the language of a statute is clear and unambiguous, [this Court] must interpret the statute literally and must give the words of the statute their plain and ordinary meaning." In re Tetreault, No. 2009-166, slip. op. at 6 (R.I. filed Jan. 13, 2011) (quotingState v. LaRoche, 925 A.2d 885, 887 (R.I. 2007)) *Page 11 
(alteration in original). As a result, when a statute is unambiguous this Court "will not search behind the language to determine legislative intent." City of East Providence v. InternationalAss'n of Firefighters Local 850, 982 A.2d 1281, 1288 (R.I. 2009) (quoting Angell v. Union Fire Dist. of South Kingstown,935 A.2d 943, 946 (R.I. 2007)). This Court will construe the statute with the intent and purpose of the Legislature only when it is ambiguous because it is susceptible to more than one interpretation.Id. (citing Algiere v. Fox,122 R.I. 55, 58, 404 A.2d 72, 74 (1979)).
Section 42-35-15(b) is not susceptible to more than one interpretation. Reviewing the plain meaning of the language "within thirty (30) days after mailing notice of the final decision of the agency," this Court can only find this section requires filing within thirty days from the mailing of the notice. Moreover, this interpretation is not absurd because it provides "a uniform and consistent approach" to the time period required and a policy of timely judicial consideration. See Great American NursingCtrs., Inc., 439 A.2d at 252 (quoting New England Telephoneand Telegraph Co., 105 R.I. at 715, 254 A.2d at 761); 3 Koch, at § 8:24 ("These [filing] deadlines establish a policy of timely judicial consideration which should be respected.") Accordingly, this Court finds that § 42-35-15(b) is unambiguous and requires the filing of an agency appeal in superior court thirty days from the filing.
 2 Equitable Tolling of the Deadline
Appellant additionally contends that regardless of the definition of "mailing notice," these circumstances warrant the application of equitable tolling because the failure to meet this deadline was a result of the reliance on the statements made by the ERSRI Executive Director within ERSRI's denial notification. ERSRI responds that *Page 12 
equitable tolling is not available under the APA. Moreover, it maintains that despite the misstatement of the law in the ERSRI notice of denial, as this misstatement constituted an ultravires act, it is unenforceable against the agency.
In this case, the Appellant urges the Court to apply equitable tolling in this case because of the misstatements of law of the ERSRI Executive Director. Equitable tolling provides "temporary shelter from [the statutory] limitations for plaintiffs who cannot protect their legal rights under certain impediments." Roe v.Gelineau, 794 A.2d 476, 485 (R.I. 2002). Specifically, "A plaintiff who pleads and proves `equitable' reasons that excuse his failure to meet a statutory deadline is entitled to tolling of the deadline." Bull S.A. v. Comer,55 F.3d 678, 681 (D.C. Cir. 1995) (citing Irwin v. Department ofVeterans Affairs, 498 U.S. 89, 95-96 (1990)). Indeed, a missed deadline "may be excused if it is the result of justifiable reliance on the advice of [a] government officer." Jarrell v.United States Postal Service,753 F.2d 1088, 1092 (D.C. Cir. 1985). In Rhode Island, the running of the limitations period may be stopped when a defendant has given "express representation or other affirmative conduct amounting in fact to such a representation which could reasonably deceive another and induce him to rely thereon to his disadvantage." Wolf v.Wintman Co., 169 A.2d 903, 905 (R.I. 1961) (quotingCaianiello v. Shatkin, 82 A.2d 826, 829 (R.I. 1951)), [2];see also In re Jason O., 701 A.2d 1033 (R.I. 1997).
Defendant correctly argues that Rhode Island courts do not apply equitable estoppel against governmental entities when "the alleged representations or conduct *Page 13 
relied upon were ultra vires or in conflict with applicable law." Romano v. Retirement Board of the Employees' RetirementSystem of the State of Rhode Island, 767 A.2d 35, 38 (R.I. 2001). This case, however, is distinguishable from Romano because the instant case concerns the doctrine of equitable tolling rather than equitable estoppel. "Unlike classic equitable estoppel, the related principle of equitable tolling implicates no particular sensitivities where the government is a party to the proceedings. To the contrary, equitable tolling principles apply against the government on par with private parties." Bull, S.A.,55 F.3d at 681 (emphasis in original). Whereas the plaintiff in theRomano case argued equitable estoppel applied to his claim that he detrimentally relied on the advice of a government employee regarding his substantive rights, Rivera argues that she was misled with regard to a procedural deadline and, therefore, is making a claim for equitable tolling rather than equitable estoppel.
Defendant also argues that the Rhode Island Supreme Court "has previously rejected application of the doctrine of equitable tolling . . . where the statue contains a clear and unambiguous limitations period without language suggesting the period may be tolled." Def./Appellee's Surreply Mot. 3. Defendant citesIselin v. Ret. Bd. of the Emples. Rt. Sys., a case in which the Rhode Island Supreme Court declined to apply equitable tolling in a situation wherein a plaintiff failed to file his original claim to an administrative agency within the statutory limit. 943 A.2d 1045, 1050 (R.I. 2008). The Iselin Court, however, distinguished between equitable tolling at the agency level and equitable tolling at the Superior Court level; in distinguishing that plaintiff's case from a previous case, that court explained "it was the Superior Court, and not an administrative agency, that was directed to consider the equitable tolling issue; whether a particular *Page 14 
statute should be tolled in a given situation is the sort of issue with which courts frequently deal."Id. at 1041 (distinguishing that case from Johnson v.Newport County Chapter for Retarded Citizens, Inc.,799 A.2d at 289). Here, Rivera is asking the Superior Court, not the Board, to apply the doctrine of equitable tolling. Because the request for equitable tolling has come at a different point in the procedural posture, the holding in Iselin does not preclude application of equitable tolling in the instant case.
The fact that equitable tolling is not precluded in the instant matter does not, however, mean that this Court must find that the balance of the equities militates toward tolling the 30-day appeals deadline. In other words, just because this Courtmay decide that equitable tolling should apply does not mean that it must do so.
To prove that equitable tolling should be applied, the Plaintiff must show 1) an express representation by the Defendant and 2) proof that that representation reasonably induced her to rely on the contents of the denial letter to her disadvantage. Wolf v.Wintman Co., 169 A.2d at 905. This Court finds that although there was certainly an express representation by the department that the Plaintiff had 30 days from the receipt of the denial letter to appeal the decision to the Superior Court, the Plaintiff's reliance on such assertions were not reasonable in this situation.
The first criterion for equitable tolling clearly has been met. The parties agree that Frank J. Karpinski, Executive Director of ERSRI, sent Plaintiff a letter that incorrectly stated that the 30-day deadline to file an appeal would start "from the date the U.S. Post Office indicates the letter was received by you." (ERSRI Ex. 30, Notice of Denial May 19, 2008 ("Ex. 30.")). Thus, Karpinski and the ERSRI clearly made an *Page 15 
express representation that the Rivera had 30 days from the day of receipt of the letter to file an appeal at the Superior Court.
Rivera has not, however, met the requirements for the second criteria: her reliance on the misinformation in the May 19, 2008 letter was not reasonable under the circumstances. Specifically, Rivera was represented by counsel throughout these proceedings. According to the text of the May 19, 2008 letter, Rivera's attorney was sent a copy of that letter at her Providence office (Ex. 30). Rivera make's no claim that her attorney did not receive such copy of the May 19, 2008 letter. Rivera's attorney should have known that Karpinski had made the statement regarding the deadline to appeal to the Supreme Court in error. See McGee v.Stone, 522 A.2d 211 (R.I. 1987) (holding that "an attorney's knowledge is attributable to his or her client" and that "plaintiff's counsel certainly knew or should haveknown of plaintiff's" rights under the law in question) (emphasis added). In Rhode Island, ignorantia legisneminem excusat, i.e. ignorance of the law is not an excuse.See, e.g. Murray v. Lizotte, 77 A.231, 231 (R.I. 1910);State v. Foster, 46 A. 833, 835 (R.I. 1900).
While the error in the May 19, 2008 letter might have reasonably led a pro se litigant to believe that he or she had a longer period of time to file an appeal, the same is not true for Rivera. Rivera, through her attorney, should have known the proper deadline to file an appeal to the Superior Court and could not have reasonably relied upon the misinformation in the May 19, 2008 letter.
In sum, the instant case is the type of case in which equitable tolling could apply, but, under the specific facts of the case, the equities militate toward this Court declining *Page 16 
to apply equitable tolling. Thus, this Court finds that it lacks jurisdiction over the instant case because the Plaintiff's appeal was filed out of time.
 B The Merits
For purposes of discussion, this Court notes that had it examined the substantive portions of this case, it would have affirmed the findings at the administrative level. Keeping in mind the high level of deference that reviewing courts must give administrative decisions, this Court would have found that the ERSRI's decision was reasonable, supported by the facts, and well grounded in the law. This Court, therefore, would have affirmed the decision.
 IV Conclusion
This Court finds that it does not have jurisdiction over this matter. The Plaintiff failed to file an appeal to this Court in time. The statute in issue, § 42-35-15(b), is unambiguous and requires the filing of an agency appeal in Superior Court thirty days from the filing. Moreover, although this type of case may be subject to equitable tolling, the specific facts of this case do not warrant the equitable tolling of the 30 day statutory deadline. Parties shall meet and submit to this Court an order not inconsistent with this opinion.
[1] Though the May 29, 2008 letter erroneously refers to Attorney Sammartino as "Catherine SanMartino," the letter was addressed to the address on Attorney Sammartino's letterhead, and this Court finds that the intended recipient of the carbon copy was clear.
[2] Though the Wolf and Caianiello cases use the term "equitable estoppel" to describe the tolling of a statute of limitations for equitable purposes, the situation they describe is in function an equitable tolling as described byBull, S.A. and will, therefore, be treated as such by this Court. *Page 1